# Bradley, *et al. v.* Bennett.

*Habeas Corpus to Obtain Possession of Child.*

(Decided July 6, 1910.  53 South. 262.)

1. *Habeas Corpus; Custody of Child; Right of Parent.*—A father is not as a matter of right entitled to obtain possession of his infant child by writ of habeas corpus; the courts are clothed with the sound discretion to grant or refuse relief accordingly as the infant will be benefited.

2. *Same.*—Where the maternal grandparents of a child had had possession of it, maintained it from birth, had affection for it, and were able to provide for it in every way, the father was not entitled to recover possession of it for the purpose of turning it over to its paternal grandparents who did not want it and were not able to maintain it.

[Bradley, et al. v. Bennett.]

APPEAL from Crenshaw Probate Court.

Heard before Hon. F. M. T. TANKERSLY.

Habeas corpus by Gomez Bennett against Lee Bradley and others for the possession of petitioner's infant child. Judgment awarding petitioner custody of the child and the respondents appeal. Reversed and rendered.

F. B. BRICKEN, for appellant. The matter to be considered in a case of this kind is the benefit to accrue to the infant, and while the father has the natural right of custody the courts uniformly exercise a sound discretion for the benefit of the child.—*Brinster v. Compton,* 68 Ala. 299; *Ex parte Murphy,* 75 Ala. 409; *Neville v. Reid,* 134 Ala. 317; *Kirkbride v. Harvey,* 139 Ala. 231.

G. O. DICKEY, for appellee. No brief came to the Reporter.

EVANS, J.—This is a habeas corpus proceeding by the father to obtain possession of his infant child. The wife of petitioner died several months prior to the filing of the petition, and left a child 4 or 5 months old. The child has been kept and cared for by the mother and father of its mother since her death. The petitioner is 22 years old, unmarried, and lives with his father and mother. He states that he intended to take the child to the home of his parents to be there cared for. He owns no property, and is a day laborer, earning about 60 cents a day when he works. The family of his mother and father is already so large that the dwelling house and smokehouse are full of children and grownup people. They own nothing, and the mother of the said petitioner does not want the baby except for the fact that the father, her son, wants it, and she wants to please him. The testimony tends to show that she

16—168

has had some experience raising children. Besides the fact that he is the father, this experience of his mother is the only reason apparent why the custody of the child should be awarded petitioner. He was married but a short while (a year or two) before his wife died, and neglected her and her baby during her illness, so that her parents had to take them and care for them. On the other hand, the respondents, Lee Bradley and Julia Bradley, the maternal grandparents, who have possession of the child, own a good home, provisions and supplies, two mules, and 53 acres of land, and are out of debt. They are highly respected people, and love the child and care for it as if their own. The mother before her death requested them to keep and care for it. There are but three in the family besides the infant, viz., Lee Bradley, the grandfather, Julia Bradley, the grandmother, and a grown daughter. They have had possession and care of the child since before the mother's death, and still desire to keep it and rear it.

Under these facts to whom should the law award the custody and care of the child? As said in the case of *Brinster v. Compton,* 68 Ala. 299, and quoted approvingly in *Kirkbride v. Harvey,* 139 Ala. 231, 35 South. 848: "When an infant child or minor is out of the possession and custody of the father, and habeas corpus is resorted to by the latter to obtain such custody, it does not follow as a matter of right that the prayer of the petition will be granted. The court is clothed with a sound discretion to grant or refuse relief, always to be exercised for the benefit of the infant primarily, but not arbitrarily, in disregard of the father's natural right to be preferred. If the father be reasonably suitable and able to maintain and rear his child, his prayer should be granted. If, on the other hand, he be un-

suitable or unable properly to care for his offspring, the court should grant no relief in the premises, but leave the parties in statu quo." The mere fact of the paternity as a rule entails but small trouble or inconvenience, and should not be allowed to overturn weightier considerations. In this case the question practically is whether the child shall be taken from its maternal grandparents, who have been caring for it and maintaining it almost since its birth, and who have an affection for it, and are able to provide for it, and well qualified in every way for the responsibility of rearing it, and who want to keep the child, or shall it be turned over to its father to be left with its paternal grandparents, who do not want it, have no room for it, and are not able to maintain it? The question answers itself. The judgment appealed from will be reversed, and judgment will be here rendered dismissing the petition.

Reversed and rendered.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.