## ALABAMA *v.* UNITED STATES.

No. 82. Argued January 29, 1931.—Decided February 24, 1931.

*Messrs. Thomas E. Knight, Jr.,* Attorney General of Alabama, and *Oscar W. Underwood, Jr.,* with whom *Messrs. A. A. Evans* and *Charlie C. McCall,* Assistant Attorneys General, and *H. C. Kilpatrick* were on the brief, for petitioner.

*Solicitor General Thacher*, with whom *Assistant Attorney General Rugg* and *Messrs. Bradley B. Gilman* and *Erwin N. Griswold* were on the brief, for the United States.

Mr. Justice Holmes delivered the opinion of the Court.

This is a suit brought in the Court of Claims by the State of Alabama to recover from the United States a

tax imposed by the law of the State upon the privilege of manufacturing and selling hydro-electric power, together with interest at eight per cent. and a penalty of fifteen per cent. for failure to pay the tax when due. The claim is based upon a sale by the United States of the surplus power generated by it at its dam at Muscle Shoals, Alabama, under the Act of June 3, 1916, c. 134, § 124; 39 Stat. 166, 215. The Government demurred on the ground that the petition does not set forth a cause of action within the jurisdiction of the Court. The demurrer was sustained and the petition dismissed upon its merits. A writ of certiorari was granted by this Court. 281 U. S. 718.

We are of opinion that the petition should be dismissed, not upon the merits, which would import jurisdiction to deal with them, but for want of jurisdiction under the Act establishing the powers of the Court of Claims. Judicial Code, § 145, U. S. Code, Title 28, § 250. That jurisdiction extends to "all claims (except pensions) founded upon the Constitution of the United States or any law of Congress, upon any regulation of an Executive Department, upon any contract, express or implied, with the Government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort, in respect of which claims the party would be entitled to redress against the United States either in a court of law, equity, or admiralty, if the United States were suable; *Provided*" etc.

The contract to be recovered upon under § 145 Jud. Code must be an actual one, and, if implied, must be implied in fact, not merely implied by fiction, or as it is said, by law. *Baltimore & Ohio R. Co. v. United States,* 261 U. S. 592, 597. There is no ground for asserting an actual contract here. The State suggests that cases of property

taken by eminent domain furnish an analogy. But in those cases where there is a recovery the United States admits the title that it takes and in view of the Constitution reasonably is understood to promise the compensation that in such circumstances it is bound to pay. *Phelps v. United States,* 274 U. S. 341, 343. *International Paper Co.* v. *United States, ante,* p. 399. But here the United States has not admitted and does not admit the right of the State to tax it for its sales, and therefore does not by selling import a promise to pay for what, so far as appears, it does under a claim of right. Levying a tax does not create a contract. It is a unilateral act of superior power, not depending for its effect upon concurrence of the party taxed.

We do not see how the claim of the State can be said to be founded upon the Constitution. If the claim is valid, which we are far from implying, it is under the State's original powers as such, and the only bearing of the Constitution is that it did not take the power away. Neither do we regard the claim as one for damages in a case not sounding in tort within the meaning of the Act. There are few cases of this sort that cannot be brought under the head of a contract implied in law; and, it being established that such contracts are not within the jurisdiction of the Court of Claims, we think that this phrase cannot be extended to a controversy concerning the boundary between the two sovereign powers. The claim is not technically one for damages as was the claim in *assumpsit.* It is a claim for a tax that the United States never has promised to pay and for a penalty. It does not fall within the Act as it has been construed for many years.

*Judgment reversed.*

*Petition to be dismissed for want of jurisdiction.*