## GINDER v. GIUFFRIDA.
### No. 5556.

Court of Appeals of the District of Columbia.
Argued Nov. 3, 1932.
Decided Dec. 27, 1932.

878

Fred B. Rhodes, of Washington, D. C., for appellant.

S. J. L'Hommedieu, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a decree determining the priority of liens upon certain real estate in the District of Columbia.

On February 26, 1927, the appellant, John W. Ginder, filed a judgment creditor's bill in the lower court setting up a lien upon certain described real estate situate in the District of Columbia. He alleged that he had recovered a judgment in the sum of $1,069 on June 1, 1922, in the Supreme Court of the District, against one Arthur Cowsill, who was then the owner of an equitable estate in certain premises situate within the District, and that the judgment remained unpaid and was a lien upon the debtor's estate in the described real estate. He prayed that the property be sold and the proceeds applied to the payment thereof. The bill also contained an averment that the defendant, Joseph Giuffrida, had obtained a judgment at law against Arthur Cowsill in the sum of $100 and costs on May 18, 1915, in the Municipal Court of the District of Columbia, and that the judgment had been entered of record in the clerk's office of the Supreme Court of the District. The plaintiff alleged that this judgment had

been paid in whole or in part although not released of record.

On March 18, 1927, the defendant, Giuffrida, filed an answer to the plaintiff's bill, alleging that the judgment recovered by him as referred to in the bill had not been paid, and that it remained wholly unsatisfied except for a credit of $8.34 which had been paid thereon. The defendant prayed that, if a sale of the premises should be decreed at the instance of plaintiff, the proceeds thereof should first be applied to the satisfaction of the balance due and owing upon defendant's judgment. The record discloses in fact that the judgment of the defendant had not been paid and that the amount thereof was still owing to defendant.

The premises in question were sold by trustees acting under orders of the court in the cause, and the proceeds were not sufficient to pay the claims of both plaintiff and defendant; the court was therefore called upon to determine the relative rank and priority of the two liens. Upon this issue the court found that the lien of defendant was prior to that of plaintiff, and decreed the payment thereof from the proceeds of the sale. The present appeal was taken from that decree.

In section 1212, D. C. Code (D. C. Code 1929, T. 24, § 321), it is provided, among other things, that every final judgment at common law for the payment of money rendered in the Supreme Court of the District and every judgment of the Municipal Court of the District of Columbia certified to and docketed in the clerk's office of the Supreme Court as therein directed shall be good and enforceable, by an execution issued thereon, for the period of 12 years.

In section 1214, D. C. Code (D. C. Code 1929, T. 24, § 323), it is provided, among other things, that every final judgment at common law and every judgment of the Municipal Court of the District of Columbia when docketed in the clerk's office of the Supreme Court of the District of Columbia shall be a lien on all the freehold and leasehold estates, legal and equitable, of the defendants bound by such judgment or decree, in any lands, tenements, or hereditaments in the District, whether such estates be in possession or be reversions or remainders, vested or contingent, but such liens on equitable interests shall be enforced by bill in equity, and such lien shall continue as long as the judgment or decree shall be in force or until the same shall be satisfied or discharged.

The lien of plaintiff's judgment therefore dates from the time of the recovery of

the judgment on June 1, 1922, whereas the lien of defendant's judgment accrued June 18, 1915, the day when the judgment was docketed in the clerk's office. The lien in each case continued for the period of 12 years from such dates. It follows that at the time when the plaintiff's bill was filed in the lower court both liens remained in full force and effect, but the lien of the defendant antedated in time that of the plaintiff, and therefore was prior in right, for, in the absence of other controlling circumstances, the lien of the first judgment takes priority for its full amount over the lien of a subsequent judgment.

However, it was claimed by plaintiff that he incurred considerable trouble and expense in discovering the existence of the debtor's equitable interest in the property in question and in bringing it to sale in this case, and that it is inequitable that, after bringing his suit to a supposed successful termination, he should find that the fruits of his endeavors will be enjoyed, almost in their entirety, by one who has assumed none of the expense or risks involved in the litigation. Appellant claims that this would be a violation of the old maxim, "Equity aids the vigilant." The answer to this complaint, however, is to be found in the fact that the competing liens alike find their support in the statute, and that their relative rank is not to be determined by considerations such as the foregoing. It may be added that the present suit was brought by plaintiff on his own behalf alone and not for the benefit of other creditors also.

In Rankin v. Scott, 12 Wheat. 177, 179, 6 L. Ed. 592, it is said: "The principle is believed to be universal, that a prior lien gives a prior claim, which is entitled to prior satisfaction, out of the subject it binds, unless the lien be intrinsically defective, or be displaced by some act of the party holding it, which shall postpone him, in a court of law or equity, to a subsequent claimant. The single circumstance of not proceeding on it, until a subsequent lien has been obtained and carried into execution, has never been considered as such an act."

▉ In a motion for distribution of the proceeds of sale filed by plaintiff in the court below, he alleged that the judgment of the defendant was barred by the expiration of the "statutory period," and contended that therefore defendant had no valid claim to a share in the proceeds of the sale. This point is not argued nor referred to in the appellant's brief filed in this court, and therefore is not entitled of right to be considered in this opinion. Wardman-Justice Motors v. Petrie, 59 App. D. C. 262, 39 F.(2d) 512, 69 A. L. R. 648. Nevertheless, we may say that upon an examination of the record we find the point is not well taken. At the time when defendant was summoned in the case below, and also at the time when he filed his answer in the case, his lien was in full force and effect, and it is entitled to the same status throughout the case. In section 1212, D. C. Code, it is provided, among other things, that at the expiration of the period of 12 years a judgment or decree shall cease to have any operation or effect and no action shall be brought on the same or execution issued upon it thereafter; but that this provision shall in no wise affect any proceeding that may be then pending for the enforcement of the said judgment or decree. The answer filed by defendant in the case had the same effect in respect to limitations as a proceeding for the enforcement of a decree as provided by the statute. Accordingly the lien of the defendant was not affected by the subsequent expiration of the 12-year period of limitation, but continued in full force and effect for all the purposes of the case. Dempsey v. Bush, 18 Ohio St. 376.

The decree of the lower court is affirmed, with costs.