## FIRST NAT. BANK OF SCOTTSBORO v. JACKSON COUNTY.

### 8 Div. 509.

Supreme Court of Alabama.

Nov. 2, 1933.

Haralson & Son, of Fort Payne, and J. T. Jackson, of Dothan, for appellant.

Proctor & Snodgrass, of Scottsboro, for appellee.

**GARDNER, Justice.**

The suit is for a recovery of taxes claimed to have been paid under mistake of law or fact, and is rested upon sections 3144, 3145, Code 1923, and section 3146, as amended by Laws 1931, p. 811.

It is contemplated, of course, that the action should be against the "proper parties or their successors," to use the language of the statute, and pleas 2 and 3 are to the effect that as to the special school taxes therein referred to, the suit against the county will not lie. A reference to the law concerning these special school taxes (Alabama School Code 1927, §§ 253 to 292, inclusive) will disclose that the tax collector is but the agency through which these taxes are collected and paid over to the proper school authorities. They never reach the county treasury, and the county has no possession or control thereof at any time. As to the one-mill school tax, section 259 of the School Code 1927, provides: "The tax collector shall collect such special tax in the same manner and under the same requirements and laws as taxes of the State are collected, and shall keep said amount separate and apart from all other funds, and keep a clear and distinct account thereof, and turn the same over to the county treasurer of school funds whose duty it shall be to receipt therefor. The County Board of Education shall apportion the same to the various schools throughout the County in the same manner as the public school funds from the State are apportioned in said County. The school terms of the respective schools shall be extended by such supplement as nearly the same length of time as practicable."

And as to the three-mill county and district school tax, there are like provisions as shown by section 287 of the School Code 1927: "Whenever such a levy as is provided for in this article is made, it shall be the duty of the tax collector within and for that County to collect such tax in the same manner and under the same requirements and laws as the taxes of the State are collected, and he shall keep said amount separate and apart from all other funds, and keep a clear and distinct account thereof, showing what amount is paid, and turn the same over to the County Treasurer of school funds whose duty it shall be to receipt therefor, and pay the same on monthly pay rolls and other prescribed forms, with the authority and approval of the County Board of Education."

The county treasurer of school funds is selected by the county board of education (section 295, School Code 1927), and is entirely separate and distinct from a county depository, and, as to such officer, the board of revenue of Jackson county has no authority or control.

Section 3145, Code 1923, discloses that the application for a refund is presumed to be made to the governing board having supervision of the funds, and the above noted provisions of the School Code show that the board of revenue of Jackson county gained no possession or control over these particular funds and had no authority to order the treasurer of the county board of education to make a refund thereof.

451

The special taxes when paid to the collector are to be kept separate and apart from all other funds and delivered to the county treasurer of school funds. They never reach the county depository out of which any judgment in favor of plaintiff must be paid, and the county board of revenue has no authority to compel a refund of such special taxes which have been used and prorated by the county board of education. Further illustrative of this view, reference may be made to the three-mill district tax, the proceeds of which under section 289 of the Alabama School Code 1927, could only be used for the benefit of the schools in that particular district. If the refund is to be made from the county depository, and therefore out of county funds, then each taxpayer of the county is affected thereby, and it would appear inequitable that those taxpayers residing outside the boundaries of that particular district, receiving no benefit from the funds, should be required, even thus indirectly, to contribute thereto; yet such is the result should the county be subjected to a judgment therefor.

We do not interpret anything said in 61 Corpus Juris 1001 and 26 R. C. L. 454, cited by appellant, as contrary to the conclusion here reached, and the authorities therein cited were not dealing with the peculiar situation here presented. Nor does the case of Ward v. First National Bank, 225 Ala. 10, 142 So. 93, add any force to appellant's position. There the taxes were paid to the collector under protest and with written notice that suit would immediately be instituted for its recovery, which was presumably done before any distribution made. That suit was, moreover, brought independently of the statute upon which this action is rested.

We therefore conclude that pleas 2 and 3 were not subject to the demurrers interposed thereto.

■ Plaintiff's last payment was made January 20, 1931. The present action was commenced on October 11, 1932. As originally enacted, the statute permitted a recovery within six years from the date of payment. Section 3146, Code 1923. But by the Act approved July 28, 1931 (General Acts 1931, p. 811), this section was rewritten with the single change of a substitution of one year in the place of six for the commencement of the suit, and it appears the present suit was brought more than one year after the approval of the amendatory act. This section and the two preceding constituted one act (General Acts 1907, p. 639), and were codified therefrom.

■ A county is a mere political subdivision of the state, and no right to a suit against it exists except by statute. Ex parte State, 52 Ala. 231, 23 Am. Rep. 567; Hamilton v. Jefferson County, 209 Ala. 517, 96 So.

628. Prior to the enactment of what is now section 181 of the Code 1923, the county was not subject to suit, and since that time and prior to the enactment here in question, any such suit was subject to the limitations of the present Code, section 228. Lowndes County v. Hunter, 49 Ala. 507.

By the Act of 1907 (sections 3144–3146, Code 1923), therefore, the Legislature granted to taxpayers, who paid their taxes under an invalid law, a new privilege or benefit, for prior thereto no action would lie for taxes voluntarily paid. Raisler v. Mayor, etc., of Athens, 66 Ala. 194; Gachet v. McCall, 50 Ala. 307.

As said in Luke v. Calhoun County, 56 Ala. 415: "The legislature has full power to take away by statute rights, not vested, which have been conferred by statute." See, also, Blake v. State, 178 Ala. 407, 59 So. 623. And speaking of the repeal of a statute conferring a right to sue the state, the court, in Ex parte State of Alabama, 52 Ala. 231, 23 Am. Rep. 567, said: "Such statutes are matters of grace, confer privileges,—they do not create rights. * * * The power to withdraw is commensurate with the power to confer, and when the privilege is withdrawn, the citizen is remitted to the condition in which he stood when it was conferred."

"When a right given by statute is not by nature a vested right and at the time of the repeal of the statute is still inchoate * * * it will fall with the statute, unless expressly excepted." 59 Corpus Juris 1188.

Illustrative of this general rule is the case of Ex parte State of Alabama, 52 Ala. 231, 23 Am. Rep. 567, where it was held that the repeal of the law authorizing suits against the state strips a court, in which such a suit is pending, of all jurisdiction to proceed further in the cause, and wherein was quoted with approval the following expression from Beers v. State of Arkansas, 20 How. 529, 15 L. Ed. 991: "This permission (to sue the State) is altogether voluntary on the part of the sovereignty; it follows that it may prescribe the terms and conditions on which it consents to be sued, and the manner in which the suit shall be conducted, and may withdraw its consent whenever it may suppose that justice to the public requires it."

■ So in the instant case the Legislature has granted to the taxpayer a new privilege to sue the county under such conditions and restrictions, among them, as originally enacted, a requirement that the suit be brought within six years. But the amendment in the Act of 1931 changes this period to one year, and we think the amended act is here to be construed as if the statute had been originally enacted in this amended form. 59 Corpus Juris 1096.

■ There is here no element of contract involved, for, as said in Alabama v. United

States, 282 U. S. 502, 51 S. Ct. 225, 226, 75 L. Ed. 492: "Levying a tax does not create a contract. It is a unilateral act of superior power, not depending for its effect upon concurrence of the party taxed." Differently expressed is the same thought in State v. Fleming, 112 Ala. 179, 20 So. 846, 847, cited approvingly in Turner v. State, 226 Ala. 269, 146 So. 601: "In one sense, there is no element of contract in taxation, in that the taxing power imposes the tax and enforces its collection whether the party taxed assents or dissents." True, in a proper case, recovery may be had in an action for money had and received (Ward v. First Nat. Bank, supra), or in a civil action as for a debt (Turner v. State, supra). But this relates to a matter of remedy only and affords no foundation for the insistence that plaintiff here has been deprived of any vested right or that the application of the amended act to its case in any manner impairs the obligation of a contract.

While indebitatus assumpsit may arise upon a promise implied by law (4 Cyc. 325), yet there was here no contract and none implied in fact, and such implication must rest upon a "fiction, or as it is said by law" to use the expression in Alabama v. United States, supra.

Plaintiff's right of recovery rested merely upon the privilege granted by the Legislature, which privilege was subject to be taken away or modified as the lawmaking body saw fit and without infringement of any constitutional right. In the recent case of Cronheim v. Loveman, 225 Ala. 199, 142 So. 550, the principle here involved was fully discussed, and sustains the conclusion reached. And the very nature of plaintiff's claim adds support to the conclusion that plaintiff had no vested right, and merely an inchoate right of action subject to legislative control.

■■ The tax assessed against it is not per se invalid, but only the method of levying the same as in violation of section 5219, United States Revised Statute (12 USCA § 548), of which complaint is made. There must be unwarranted discrimination, and this must be made to appear from the proof. Plaintiff's right to recover therefore presents a mixed question of law and fact as illustrated by the more recent case of First National Bank v. Louisiana Tax Commission, 289 U. S. 60, 53 S. Ct. 511, 77 L. Ed. 1030, upholding the state tax for a failure of the proof to show any actual substantial competition between capital of national banks and other moneyed capital so as to render the state law taxing national bank shares unduly discriminatory. See, also, First National Bank v. Louisiana Tax Commission, 175 La. 119, 143 So. 23; Ward v. First National Bank, supra.

We conclude, therefore, that the demurrers to pleas 5 and 6 were properly overruled.

■■ Any recovery under the provisions of this statute (section 3144, Code) must rest upon a payment of tax under a "mistake of law or fact" for such is its language. Plea 9 is to the effect that the tax was voluntarily and without protest paid "with full knowledge of the law and facts," and, if so, manifestly there could be no recovery under this statute. Doubtless such defense would be available under the plea of the general issue which was interposed, but, if so, no injury resulted, and no reversible error could be rested upon the action of the court in overruling the demurrer to said plea.

We find in the several rulings of the court no error to reverse, and the judgment is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and FOSTER and KNIGHT, JJ., concur.