176 So. 616

### KUGLE et al. v. HARPE.

#### 4 Div. 314.

Court of Appeals of Alabama.

Jan. 26, 1937.

Rehearing Denied March 16, 1937.

Reversed on Mandate Oct. 26, 1937.

Clayton, Clayton & Clayton, of Eufaula, for appellee.

RICE, Judge.

The child involved in this litigation was within the state of Alabama, and without the custody of petitioners, appellants.

They brought, before the probate court of Barbour county, this "proceeding by habeas corpus," for the manifest purpose of obtaining custody of said child. Their petition was denied.

The court has read, studied, and considered, the testimony adduced on the hearing, sitting en banc. We are not persuaded there was error in the action of the judge of probate in denying said petition.

Appellants, by their distinguished counsel, complain bitterly, here, that there was an absence of jurisdiction in the court from which the appeal comes, to make, upon the conclusion of the hearing before it, the order which he did make—awarding the custody of the child, not to the mother (appellee) who had it in possession, but to the State Child Welfare Department. But we do not think the complaint ·well founded. See Act approved June 29, 1931 (Gen.Acts Ala.1931, pp. 353, 355); also Murphree v. Hanson et al., 197 Ala. 246, 72 So. 437.

The matter being, properly, certainly at the instigation of appellants, before the probate court, the duty devolved upon that court to act "according to the best interests" of the child. And this regardless of the efficacy, vel non, of the claimed adoption of the child by appellants under the laws of Georgia. Whatever the status of this "adoption," it could place appellants in no stronger position than it would have been had they ·been the child's natural parents. And, in this latter event, it would still have been the duty of the court to mold his order to fit the "Welfare of the Child." Bradley et al. v. Bennett, 168 Ala. 240, 53 So. 262; Kirkbride v. Harvey, 139 Ala. 231, 35 So. 848.

The judgment is affirmed.

Affirmed.

Opinion after Remandment.

PER CURIAM.

On October 5, 1937, we made an order—which is now, and hereby, set aside and held for naught—reversing the judgment appealed from, and remanding the cause, upon the authority of the opinion and decision by the Supreme Court on appellants', herein, petition for writ of certiorari to that court.

We have given further consideration to the above-mentioned opinion and decision of the Supreme Court; and it is now our opinion that we should, in obedience to that court's mandate, make the order, here, which is therein indicated.

Accordingly, it is here ordered and adjudged that the judgment appealed from be reversed; and the custody of the child in question is hereby ordered to be restored to petitioners. Code, § 7318.