176 So. 475
**LEE, State Comptroller, v. CUNNINGHAM.**

3 Div. 787.

Court of Appeals of Alabama.

March 16, 1937.

Rehearing Denied April 20, 1937.

Leo H. Pou, of Mobile, and Steiner, Crum & Weil, of Montgomery, for appellee.

A. A. Carmichael, Atty. Gen., and Silas C. Garrett, III, and Chas. L. Rowe, Asst. Attys. Gen., for appellant.

RICE, Judge.

The way this appeal comes before us, we believe it may be said to be admitted that petitioner (appellee), through error of the probate judge of Mobile county, had paid to the state during the years from 1919 to 1931 (both inclusive) sums of money for "licenses" which he was not due to pay. And that on May 10, 1934, he made application to said probate judge for a refund of said amounts—in all respects according to the then applicable law—Sections 375 and 376 of the act of the Legislature of Alabama, approved September 15, 1919, Gen.Acts Ala.1919, pp. 282, 445, procuring from said probate judge on said date "such certificate as will [would] enable the State Auditor [Comptroller, here] * * * to draw his warrant, or * * * order," etc.

Before petitioner procured said "warrant, or order," and on October 1, 1935, and while, we believe, it may be said, petitioner's claim was still "inchoate," the applicable law above cited was changed (Gen.Acts Ala.1935, pp. 256, 563, 564, §§ 366 and 367). But the only change, as we read the sections, aside from the substitution of "State Comptroller" for "State Auditor," was by striking out a clause from a sentence in the first of the two sections—which clause is immaterial to our discussion—and inserting in its place a clause which reads: "And the provi-

sions of this section (and, perforce, the following section) shall apply only to cases when application for refund is made within one year from date such license is alleged erroneously to have been paid." In other words, from and after October 1, 1935, there was, nowhere in the courts of the state, a forum in which petitioner could have his claim adjudicated—no application for a refund having been made by him "within one year from (the) date such license (was admitted) to have been paid."

█ It seems that the whole matter of procuring a refund of licenses erroneously paid, such as gave rise to the instant proceeding, is one of legislative grace, and that it was within legislative competency to take away the "jurisdiction of the courts" with reference to petitioner's claim, even if it be said that, when his application to the probate judge of Mobile county was made, the "courts had jurisdiction," at any time it chose. And petitioner could not complain his claim being still "inchoate." See First National Bank of Scottsboro v. Jackson County 227 Ala. 448; 150 So. 690.

█ We read the sections cited, of the act, above, which went into effect on October 1, 1935, as doing more than merely providing a "limitation of one year" within which rights given thereby must be asserted (claimed). We are persuaded that the situation presented is not that governed by the law that "a statute of limitations, to be available, must be pleaded" (See Russell v. Garrett, 204 Ala. 98, 85 So. 420); but that, the fact that the application must be made "within one year from date such license is paid" is jurisdictional. If said application is not so made, no jurisdiction exists.

█ Here, it is shown that the application was made "within the law" at the time it was made. What might otherwise appear as "laches" on the part of petitioner, which, according to an expression in some of the cases, could perhaps affect our holding, is amply explained, and, we think, excused by the admitted averments of the petition.

█ All "semblance" of jurisdiction of the courts having been removed on October 1, 1935, we are of the opinion that, when petitioner's claim was, in the month of December, 1935, filed with the state board of adjustment, it came squarely within that class of claims which said board of adjustment (Gen.Acts Ala.1935, p. 1164) was created to adjust.

Consequently, we are of the opinion, and hold, that the award made to petitioner by said state board of adjustment was without defect open to question by the state comptroller.

The judgment appealed from is affirmed. Affirmed.