176 So. 477

LEE, State Comptroller, v. CUNNINGHAM.

3 Div. 209.

Supreme Court of Alabama.

June 24, 1937.

Rehearing Denied Oct. 28, 1937.

state comptroller, commanding him to issue a warrant on the state treasurer for the payment of the sum of $585 alleged to have been exacted by the judge of probate of Mobile county, through error, as a license tax to the state for engaging in business by petitioner, as Van Heynigen Brokerage Company, in the city of Mobile, Ala., for the years 1919 to 1931 inclusive, under the provisions of Schedule 121 of section 361 of the General Revenue Act of 1919, which levied such license tax on "Ship Brokers" defined in the act as "any person engaged in the management of business matter occurring between the owners of vessels and the shippers or consignors of the freight which they carry."

The basis of Cunningham's claim is that during said years he was engaged exclusively in interstate and foreign commerce.

This fact was alleged in his petition and he exhibited thereto copies of the certificate of the judge of probate made under sections 375, 376 of the General Revenue Acts of 1919, p. 445, and the order of the state board of adjustment allowing said claim, entered in pursuance of his petition to said board for an allowance of said claim.

In the return to the rule nisi, issued on the filing of the petition, the respondent, Lee, as state comptroller, denied the jurisdiction of the state board of adjustment and the averments of the petition, asserting that said petitioner during said years was engaged entirely in interstate and foreign commerce, and alleged as a fact "that a part of the petitioner's business for the said years over which the privilege tax payments were exacted consisted of intrastate commerce."

The facts stated in the return were not controverted as authorized by section 8979 of the Code 1923, and on the submission of the case on the petition and return, the circuit court entered a judgment granting the peremptory writ, and from that judgment the state comptroller appealed to the Court of Appeals (27 Ala.App. 461, 176 So. 475) where the judgment of the circuit court was affirmed.

The case having been submitted in the circuit court on the petition and the return to the rule nisi, as above stated, the questions presented by the appeal to the Court of Appeals were questions of law, and reviewable here on the record.

A. A. Carmichael, Atty. Gen., and Silas C. Garrett, III, Asst. Atty. Gen., for petitioner.

Leo H. Pou, of Mobile, and Steiner, Crum & Weil, of Montgomery, opposed.

BROWN, Justice.

The appellee, Cunningham, applied to the circuit court of Montgomery county, for the issuance of the writ of mandamus to the petitioner, Charles W. Lee, as

Kugle v. Harpe, 27 Ala.App. 566, 176 So. 616.

The first question to be decided is the legal effect of the order and judgment of the state board of adjustment created by the act, approved September 14, 1935 (Gen. Acts 1935, p. 1164) entitled "An Act to create a Board to be known as 'State Board of Adjustment'; to name its personnel, to define its duties and powers and to authorize said Board to certify its findings to the Comptroller for the payment of its awards, decrees and findings out of the fund herein provided for; to provide the basis of awards and decrees and to make appropriation therefor."

Section 2 of said act provides: "The said Board of Adjustment shall have power and it shall be its duty to hear and consider all claims for damages to the persons or property growing out of any injury done to either persons or property by any of the agencies of the State of Alabama; also, to hear and consider any claim for personal injuries or death of any employee of the State of Alabama, or its commissions, boards, agencies or institutions arising out of the course of his employment, or sustained while engaged in the business of the State of Alabama or any of its boards, institutions, agencies, or commissions, and also any claim for personal injuries or death of any convict. The jurisdiction here granted shall include claims for past and future injury to persons or property, or death. Said Board of Adjustment is also empowered and it shall be its duty to hear and consider all claims against the State of Alabama arising out of any contract, express or implied, to which the State or any of its agencies, commissions, boards or institutions are parties, where there is claimed a legal or moral obligation resting on the State to make payment; also claims for money over paid on obligations due the State; and claims for under payment by the State to parties having dealings with the State; also claims for money or property alleged to have wrongfully escheated to the State; also claims for money voluntarily paid to the State where no legal liability existed to make such payment. When claims are properly prepared and presented to the Board, and after ascertaining the facts in the case, the Board is directed to determine the amount of the injury, death or disability, or other injury arising from contract or business, and to fix the damages, using as its guide the ordinary rules of negligence and workmen's compensation laid down by the Courts and the moral obligation of the State of Alabama and to decree and find the person entitled to payment and the amount, if any, which should be paid, and any other facts necessary for a proper adjustment of claims. *Provided that nothing contained in this Act shall confer upon the State Board of Adjustment any jurisdiction now conferred by law upon the State Board of Compromise, and nothing herein contained shall be construed to confer jurisdiction upon the State Board of Adjustment to settle or adjust any matter or claim of which the courts of the State have jurisdiction.*" (Italics supplied.)

If, as contended by the appellee, this statute conferred jurisdiction on said state board of adjustment to entertain and adjudicate his alleged right to a refund, without provisions for review by the courts, its orders and decrees, in the absence of collusion or fraud, are conclusive.

Our judgment, however, is that the legislative purpose disclosed in the act, and especially in said italicized provisions, was to confer on said board jurisdiction over claims against the state, colorable legally and morally well grounded, not justiciable in the courts, because of the state's constitutional immunity from being made a defendant (Const.1901, § 14), and to exclude from its jurisdiction claims well grounded in law or equity, cognizable by the courts; that the claim of appellee was cognizable by the courts and that said board of adjustment was without jurisdiction to entertain said claim and its order and decree in respect thereto was without legal force, evidentiary or otherwise.

It is well settled that the averments of facts in the return to the rule nisi in mandamus proceedings, when not controverted, are to be taken as true. Ex parte Fischer, 229 Ala. 455, 157 So. 869; Ex parte Scudder-Gale Grocery Co. 120 Ala. 434, 25 So. 44; Ex parte Schoel, 205 Ala. 248, 87 So. 801; State v. Smith, 215 Ala. 449, 111 So. 28; Ex parte Adams, 216 Ala. 353, 113 So. 513; Ex parte Apperson, 217 Ala. 176, 115 So. 226; Ex parte Waldrop, 228 Ala. 38, 152 So. 44; Ex parte Harris, 228 Ala. 88, 152 So. 449.

Therefore, applying the settled law to the conclusively admitted fact "that a part of the petitioner's [appellee's] busi-

642

ness for the said years over which the privilege tax payments were exacted consisted of Intrastate Commerce," the said appellee was not entitled to have the money paid as such tax, refunded. State v. Southern Natural Gas Corporation et al., 233 Ala. 81, 170 So. 178; Id., 57 S.Ct. 696, 81 L.Ed. 970 (April 26, 1937).

The writ of certiorari is therefore granted, the judgments of the Court of Appeals and of the circuit court are reversed, and the petition for the writ of mandamus is dismissed at the cost of the petitioner, Cunningham.

Reversed and rendered.

All Justices concur.

### On Rehearing.

BROWN, Justice.

While the petitioner, through counsel, concedes that the questions treated in the foregoing opinion were properly decided, by agreement between the parties, the court is requested to treat and determine the effect of the change wrought in the statute by bringing it forward in the general revenue law of 1935, with the restriction that the right to claim such refund shall be limited to cases where the application therefor is made within one year from the date of the alleged payment. Gen.Acts 1935, § 366, p. 563. And if petitioner's right is not concluded by such change, instead of rendering the judgment the trial court should have rendered, remand the case so that the pleadings may be recast and petitioner allowed to controvert the answer to the rule nisi in respect to the character of petitioner's business.

It is well settled that the right to reclaim money voluntarily paid to the state or the counties thereof, as taxes, is a creature of legislative grace which the Legislature may restrict or limit by future legislation. First National Bank of Scottsboro v. Jackson County, 227 Ala. 448, 150 So. 690.

The judgment here is that the effect of carrying forward the provisions of section 375 of the general revenue law of 1919 (Gen.Acts 1919, p. 445) into the general revenue law of 1935 (Acts 1935, p. 563, § 366), with the restriction on said right, applies to all cases not closed by a refund of the money prior to the change, and as held in the cited case, the statute as re-enacted is to be construed and applied as though it had been originally enacted with such restrictions of the right.

We are therefore of opinion that no good purpose can be served by the modifications proposed.

Let the application be overruled.

All Justices concur.