181 So. 908

**BOARD OF REVENUE AND ROAD COM'RS OF MOBILE COUNTY et al. v. JONES.**

1 Div. 996.

Supreme Court of Alabama.

June 9, 1938.

Geo. A. Sossaman, of Mobile, for appellants.

Smith & Johnston, of Mobile, for appellee.

BOULDIN, Justice.

The appeal is to review a judgment awarding mandamus directed to Board of Revenue and Road Commissioners, the governing body of Mobile County, and the members thereof, commanding them to issue a warrant to appellee for a refund of monies paid for license taxes which were not due from him.

Briefly stated, the petition for mandamus disclosed that in May, 1934, petitioner made application to the Judge of Probate for a refund of money so paid for licenses through error on the part of the Judge of Probate; that the Judge of Probate granted the application and issued petitioner a certificate requesting the governing body to draw a warrant on the county treasurer for the sum of $316.87; that this certificate was presented to the governing body, which passed and allowed the claim in June, 1934, and issued what is termed a memorandum warrant showing the amount due and reciting that a formal warrant would be issued when same is authorized under the law; that in October, 1936, petitioner presented this warrant and requested said Board to issue a formal warrant payable out of funds in the treasury of the county, or payable from proceeds of an issue of bonds under an Act of 1936, Local Acts, Extra Session, 1936, p. 58. The Board refused to issue the warrant in either form.

One question of moment on this appeal is whether petitioner had a lawful subsisting claim for refund when this proceeding was begun in 1936.

The proceedings of 1934 above outlined were had under Sections 375 and 376, Acts of 1919, p. 445. Section 375 was amended by the General Revenue Law of 1935, Acts 1935, p. 563, Section 366, which reads:

"Any person who through a mistake or error on the part of the Judge of Probate has paid to the Judge of Probate money that was not due from him for such license, or by such mistake has paid to the Judge of Probate for such license an amount in excess of that required by law for the business to be carried on by such person under the license such person shall be entitled to have refunded less commission retained by Probate Judge to him the amount in either event so erroneously collected by the Judge of Probate, *and the provisions of this Section shall apply only to cases when application for refund is made within one year from date such license is alleged erroneously to have been paid.*" (Italics supplied.)

The italicized portion indicates the change wrought by this amendment.

Construing this amended section in Lee v. Cunningham, 234 Ala. 639, 176 So. 477, 480, it was said:

"It is well settled that the right to reclaim money voluntarily paid to the state or the counties thereof, as taxes, is a creature of legislative grace which the Legislature may restrict or limit by future legislation. First National Bank of Scottsboro v. Jackson County, 227 Ala. 448, 150 So. 690.

"The judgment here is that the effect of carrying forward the provisions of section 375 of the general revenue law of 1919 (Gen.Acts 1919, p. 445) into the

general revenue law of 1935 (Acts 1935, p. 563, § 366), with the restriction on said right, applies to all cases not closed by a refund of the money prior to the change, and as held in the cited case, the statute as re-enacted is to be construed and applied as though it had been originally enacted with such restrictions of the right."

We agree with appellee that the "application to refund" referred to in the amendment means the application to the Judge of Probate under Section 367, Acts 1935, p. 564, Section 376, Acts of 1919, p. 445.

Hence, the quoted holding in Lee v. Cunningham, supra, means that there is no right to a refund, and no obligation on the county or its officials to refund, unless the application therefor was made to the Judge of Probate within one year from the date the money was erroneously paid.

The cited case of First National Bank v. Jackson County, 227 Ala. 448, 150 So. 690, dealt with other statutory provisions for refund of taxes not lawfully due wherein a suit against the county was authorized. It is authority for the holding that refund of taxes voluntarily paid is matter of grace, and that this amended statute, as applied to pre-existing claims, whether refund proceedings were pending or not at the time of its passage, is to be construed as if the amendment was written into the original statute when the money was erroneously paid.

Under the holding in Lee v. Cunningham, supra, this was a pending proceeding, one not closed by a refund prior to the change in the statute. No warrant had ever been issued authorizing payment by the treasurer. The memorandum warrant appears to be a convenient device peculiar to Mobile County wherein claims audited and allowed may not be followed by warrant to be registered for payment in order, but warrant issues only when funds are in the treasury subject to its payment. This proceeding itself evidences the necessity for further official action to obtain a refund.

There is nothing in the record disclosing that the application to the Judge of Probate for refund was made within one year from the date the license money was erroneously paid to him. The certificate of the Judge of Probate, whatever its conclusive effect touching the validity of the claim as of 1934, did not disclose when the money was paid in, and there was then no occasion for him to ascertain this was done within a year.

Proceedings for mandamus must disclose a clear legal duty of a public official to do the act sought to be coerced by mandamus. Without averment, and proof, if denied, that the application for refund was made within the year, the petition did not disclose the right of petitioner to a refund. It follows there was error in granting the peremptory writ.

In view of the fact that by the change of statute this may have been a valid claim when audited and allowed in 1934, if such audit was necessary, that audit would not be evidence of the existence of a valid claim after the passage of the amended statute.

Assuming that the Local Act of 1936, looking to payment of floating debts, etc., from the proceeds of a bond issue contemplates the audit of claims and the issue of warrants to be registered as provided in the act, the existence of a lawful claim for a refund after the change in the refund statute is a necessary prerequisite to participation in the bond fund, and, therefore, a prerequisite to the allowance of the claim and the issue of a warrant payable from such fund.

The cases which recognize the remedy by mandamus to obtain refunds of this class proceed on a holding that the certificate of the Judge of Probate is conclusive of the right to refund unless it discloses an error of law, or an item not lawfully due and duty of the Auditor or county governing body to issue a warrant is merely ministerial. Lovelady et al. v. Loveman, Joseph & Loeb, 191 Ala. 96, 68 So. 48; Bigbee Fertilizer Co. v. Smith, Auditor, 186 Ala. 552, 65 So. 37; Blan, Auditor v. Hollywood Realty Co., 218 Ala. 1, 118 So. 257; Board of Revenue of Montgomery County v. Southern Bell Telephone & Telegraph Co., 200 Ala. 532, 76 So. 858.

Since the refunding statute has been so amended as to strike out pending claims unless application for refund had been made within a year, a matter not within the inquiry of the Judge of Probate in issuing certificates prior to the passage of the amendment, we would not be understood as holding that mandamus is the proper remedy in the instant case. The

governing body of the county does have a quasi-judicial duty to ascertain if the claim exists at the time it is called upon to allow same and issue a warrant.

What is the remedy at this stage, we think, is not now for decision.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.