**COBB v. UNITED STATES et al.**

No. 9823.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 12, 1948.
Decided Jan. 10, 1949.

Mr. John U. Gardiner, of Washington, D. C., for appellant.

Mr. A. Devitt Vanech, Assistant Attorney General, with whom Messrs. George Morris Fay, United States Attorney, John F. Cotter and Thomas L. McKevitt, Attorneys, Department of Justice, all of Washington, D. C., were on the brief, for appellee United States. Mr. Sidney S. Sachs and Mrs. Helena Doocy Reed, Assistant United States Attorneys, both of Washington, D. C., also entered appearances for appellee United States.

Mr. N. Meyer Baker, of Washington, D. C., with whom Mr. Lucien H. Mercier, of Washington, D. C., was on the brief, submitted on the brief for appellee Shore.

Mr. Harry L. Walker, Assistant Corporation Counsel, of Washington, D. C., with whom Messrs. Vernon E. West, Corporation Counsel, Chester H. Gray, Principal Assistant Corporation Counsel, and George F. Lynch, Assistant Corporation Counsel, all of Washington, D. C., were on the brief, for the District of Columbia as amicus curiae, urged reversal. Mr. George C. Updegraff, Assistant Corporation Counsel, of Washington, D. C., also entered an

appearance for the District of Columbia as amicus·curiae.

Before EDGERTON, CLARK, and WILBUR K. MILLER, Circuit Judges.

EDGERTON, Circuit Judge.

This is a suit by the United States to quiet title to certain real estate in the District of Columbia. On March 6, 1931, the Commissioner of Internal Revenue assessed delinquent income taxes against Frank Shore, who then owned the property to which this suit relates. On March 7 the assessment list was received by the Collector of Internal Revenue. On March 9 the Collector filed with the clerk of the Supreme Court of the District of Columbia, now the United States District Court for the District of Columbia, notice of an income tax lien on all the property of Shore.[1] He also filed this notice with the Recorder of Deeds.

The income taxes were not paid and three years later the Collector issued a warrant for distraint. An attempted public sale failed to bring enough to pay the delinquent income taxes. On August 7, 1935, in accordance with the statute, the property was sold to the United States.[2] As it was not redeemed within a year, a deed to the United States was· executed on September 7, 1936 and recorded three days later.[3]

All District of Columbia taxes assessed against the property before 1932 had been paid. The present suit results from the fact that District real estate taxes assessed for the years 1932 through 1936 have not been paid. On May 1, 1936, pursuant to sales for these real estate taxes, the District of Columbia deeded the property to the grantor of the appellant Cobb. The deed was recorded June 18, 1936.

Shore died in 1941. In 1946 the United States brought this suit to quiet title. Cobb appeals from a judgment of the District Court that title is in the United States subject only to dower right in Shore's widow.

■ The Internal Revenue Code provides that "the [federal] lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time."[4] Since the Collector received the list on March 7, 1931, the lien arose on that day. Tax liens and sales of the District of Columbia are governed by D.C.Code (1940) Title 47, §§ 1001–1015.[5] "Since no reference is made in the statute to a lien for taxes except in ·connection with taxes in arrears, it is a reasonable interpretation that the lien does not arise prior to the occurrence of a delinquency."[6] The District's lien therefore did not arise before 1932.

■■ A senior federal lien is superior to a junior state lien. [7] A senior federal

---

[1] Revenue Act of 1928, § 613, 45 Stat. 875, now Int.Rev.Code § 3672(a) (3), 53 Stat. 882, 26 U.S.C.A. § 3672(a) (3).

[2] Rev.Stat. § 3197, 20 Stat. 332, now Int.Rev.Code § 3701(e), 53 Stat. 453, 26 U.S.C.A. § 3701(e).

[3] Rev.Stat. §· 3202, 14 Stat. 109, now Int.Rev.Code § 3702(b) (1), 53 Stat. 454, 26 U.S.C.A. § 3702(b) (1).

[4] Formerly Revenue Act of 1928, § 613, 45 Stat. 875, now Int.Rev.Code § 3671, 53 Stat. 449, 26 U.S.C.A. § 3671.

[5] D.C.Code (1929) Title 20, §§ 791–801. ·

[6] Commissioner of Internal Revenue v. Rust's Estate, 4 Cir., 116 F.2d 636, 638.

[7] Michigan v. United States, 317 U.S. 338, 63 S.Ct. 302, 87 L.Ed. 312. It is clear that "a lien is not deprived of validity because it attaches to a number of pieces of property instead of to a single piece, nor is it for that reason to be subordinated to a junior lien attaching to a single piece of property. * * * It is not contended that the bar of the statute of limitations has fallen; and it is well settled that the rights of the government are not affected by laches of its officers and that it is not estopped by their conduct from asserting its rights." United States v. Greenville, 4 Cir., 118 F.2d 963, 965, 966.

The fact that action is not taken to enforce a prior lien until a subsequent lien has been obtained and carried into execution does not destroy the priority of the first lien. Rankin v. Scott, 12 Wheat. 177, 6 L.Ed. 592; Ginder v. Giuffrida, 61 App.D.C. 338, 62 F.2d 877.

In United States v. Alabama, 313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed. 1327, state liens had attached before the United States bought the property. No federal liens appear to have been involved.

lien would of course be superior to a junior federal lien, if any, in the absence of express statutory language showing a different intention on the part of Congress. In the absence of such language we think it equally plain that a senior federal lien is superior to a junior lien created by congressional legislation for the District of Columbia.

■ We do not interpret the provision in the District Code that the District's tax deed shall be "prima facie evidence of a good and perfect title in fee simple"[8] as indicating a congressional intention that a junior District lien shall be superior to a senior federal lien. The present question was not before us and we had no intention of expressing an opinion about it when we said that a tax deed of the District "expunges all the interests which spring from the record title and vests in the holder a new and complete title to the property in fee simple."[9]

The statute authorizing purchase by the United States provides that the Collector's deed "shall be considered and operate as a conveyance of all the right, title, and interest the party delinquent had in and to the real estate thus sold at the time the lien of the United States attached thereto."[10] This determines the effect of the deed. It is immaterial that the deed to the United States in the present case erroneously states that its effect is to convey "all the estate, right, title and interest, which the said Frank Shore had on the 7th day of August, 1935 or at any time afterwards * * *"

■ The appellant contends that the United States, in order to protect its lien, was obligated to pay District taxes assessed against the property after the federal lien arose. But the general policy of the United States was not to pay real estate taxes to the District of Columbia.[11] We find no evidence of congressional intent to create the suggested exception to this policy. The rights of the United States acquired by enforcement of its senior lien cannot on any theory be subjected to the junior lien of the District of Columbia.

The United States does not question the ruling of the District Court that the dower right of Shore's wife was not part of Shore's interest in the property and did not pass to the United States.[12] The rights and obligations of Shore's widow, the District of Columbia, and appellant Cobb, in relation to each other, were not before the court and have not been determined.

Affirmed.

---

[8] D.C.Code (1929) Tit. 20, § 793, now D.C.Code (1940) § 47—1003.

[9] W. C. & A. N. Miller Development Co. v. Emig Properties Corp., 77 U.S.App.D. C. 205, 208, 134 F.2d 36, 39, certiorari denied 318 U.S. 788, 63 S.Ct. 983, 87 L.Ed. 1155.

[10] Rev.Stat. § 3199, 14 Stat. 109, now Int.Rev.Code § 3704(c) (2), 53 Stat. 454, 26 U.S.C.A. § 3704(c) (2).

[11] D.C.Code (1940), Supp. VI, § 47—801a, is a later declaration of this settled policy.

[12] Cf. Blodget v. Brent, 3 Cranch C. C. 394, Fed.Case No. 1,553.