**COBB v. SHORE et al.**

**No. 10435.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 10, 1950.

Decided July 3, 1950.

Mr. John U. Gardiner, Washington, D. C., for appellant.

Mr. John F. Cotter, Attorney, Department of Justice, submitted on the brief for appellee United States. Assistant Attorney General O. D. Vanech and Mr. George Morris Fay, United States Attorney, were also on the brief for appellee United States. Messrs. Joseph M. Howard, Assistant United States Attorney, and Roger P. Marquis, Attorney, Department of Justice, also entered appearances for appellee United States.

Mr. George F. Lynch, Assistant Corporation Counsel, District of Columbia, with whom Messrs. Vernon E. West, Corporation Counsel, D. C., Chester H. Gray, Principal Assistant Corporation Counsel, D. C., and Harry L. Walker, Assistant Corporation Counsel, D. C., were on the brief, for appellee District of Columbia.

Messrs. Lucien H. Mercier and N. Meyer Baker entered appearances for appellee Mary R. Shore.

Before PRETTYMAN, PROCTOR and WASHINGTON, Circuit Judges.

PER CURIAM.

In Cobb v. United States, et al., 1949, 84 U.S.App.D.C. 228, 172 F.2d 277, we affirmed a judgment of the District Court quieting title in the United States to certain real property it had bought in under a sale by the Collector of Internal Revenue to enforce income tax liens against one Frank Shore, subject only to unassigned dower rights of his widow, Mary Shore. We pointed out that, "The rights and obliga-

tions of Shore's widow, the District of Columbia, and appellant Cobb, in relation to each other, were not before the court and have not been determined." 84 U.S.App. D.C. at page 230, 172 F.2d at page 279. After that decision, Cobb filed the present suit as vendee and assignee of National Tax and Investment Corporation, purchaser of said property from the District of Columbia at a tax sale. Asserting ownership of the dower interest of Mrs. Shore, by virtue of said tax deed, Cobb sought a judgment (1) declaring him to be the owner of the dower interest; (2) as owner of the dower interest, an accounting by the United States for one-third of rents and profits, or (3) if it be determined that the tax deed did not pass the dower rights that he have judgment against the District of Columbia for the money paid by way of consideration for the deed. The complaint was dismissed upon motions filed by the several defendants. This appeal follows.

■ In our opinion the action of the lower court was right. Here, as in the earlier appeal, supra, the United States disclaimed ownership of the dower rights, and has never admitted that Cobb owned any interest. In any event, the court was without jurisdiction to entertain the suit against the United States as a claim grounded upon an implied contract, 28 U.S.C.A. § 1346(a) (2), for as stated the claim is one implied in law, rather than in fact. Thus it clearly does not fall within the purview of the statute. State of Alabama v. United States, 1931, 282 U.S. 502, 506–507, 51 S.Ct. 225, 75 L.Ed. 492; Goodyear Tire & Rubber Co. v. United States, 1928, 276 U.S. 287, 293, 48 S.Ct. 306, 72 L.Ed. 575; United States v. Minn. Investment Co., 1926, 271 U.S. 212, 217, 46 S.Ct. 501, 70 L.Ed. 911; Sutton v. United States, 1921, 256 U.S. 575, 581, 41 S.Ct. 563, 65 L.Ed. 1099, 19 A.L.R. 403.

The alternative claim against the District of Columbia is pitched upon the theory that if the tax deed did not convey the inchoate dower rights of Mrs. Shore, it conveyed nothing; therefore, being invalid and ineffectual to give title, appellant was entitled to reimbursement under 47 D.C.Code (1940) § 1007. But the provision of the statute upon which appellant relies limits reimbursement by the District of Columbia to those instances in which the Commissioners "discover, *before* the conveyance, that the sale was for any cause invalid and ineffectual to give title to the property sold." [1]

■ We think no right of dower passed by the tax deed. It was then only an *inchoate right*. If the deed had any effect at all, it was to expunge the inchoate dower right. 47 D.C.Code (1940) § 1003, formerly 20 D.C.Code (1929) § 793; W. C. & A. N. Miller Development Co. v. Emig Properties Corporation, 77 U.S.App.D.C. 205, 208, 134 F.2d 36, 39. See note 75 A.L.R. 430.

■ Assuming that nothing did pass by the tax deed, this action against the District of Columbia, nevertheless, is barred by the statute of limitations, 12 D.C.Code (1940) § 201, which provides that no action shall be brought on a sealed instrument more than twelve years after the same accrues, and on a simple contract, express or implied, after three years. Appellant contends that his right of action against the District of Columbia did not accrue until after our decision in Cobb v. United States, supra, fixing priority of liens as between the United States and the District of Columbia. In our opinion whatever right of action appellant might have had against the District accrued when the consideration passed, presumably May 1, 1936, the date of the deed. Union Pacific Rwy. Co. v. Barnes, 8 Cir., 1894, 64 F. 80. See also Anchor Stove & Range Co. v. Montgomery Ward & Co., 7 Cir., 1943, 114 F.2d 893.

Affirmed.

1. Emphasis supplied.