Paul J. Widlitz, J.
Plaintiff moves for summary judgment. All of the parties concede that there are no issues of fact involved here and it appears that the determination of this case depends solely upon the applicable law.
This action was originally commenced to quiet title to a piece of real property pursuant to article 15 of the Real Property Actions and Proceedings Law. The claims of various defendants have heretofore been disposed of, a judgment rendered with respect thereto, and the action severed and continued against the remaining defendants. The remaining defendants’ claims involve rights derived from local real estate tax liens upon the subject property. The full amount of the claimed taxes has been paid by plaintiff under protest and its right to a refund thereof is the question which will be decided here.
The subject real property was owned in 1963 by David and Dorothy Roth. On or about March 19, 1963 a Federal tax lien was filed in the office of the Clerk of Nassau County by the Internal Revenue Service of the United States of America against the owners of the property for unpaid income taxes. On or about March 11,1966, the Internal Revenue Service seized the property pursuant to the provisions of section 6331 of the Internal Revenue Code (U. S. Code, tit. 26, § 6331) and on April 27, 1966 the property was sold at public auction to plaintiff which received a certificate of sale dated April 29, 1966. The property not having been redeemed pursuant to section 6337 of the Internal Revenue Code, a deed was executed by the District Director of Internal Revenue pursuant to section 6338 of the code to plaintiff on May 22, 1967. It is the position of plaintiff that no liens for local real estate taxes could attach to the property for the period between the filing of the Federal tax lien and the sale of the property to plaintiff. It is conceded that the Federal Tax Lien Act of 1966 has resulted in a change in the law with respect to priority as between Federal tax liens and junior local tax liens (see U. S. Code, tit. 26, § 6323, subd. [b], par. [6]). However, plaintiff argues that such law, which became effective on November 2, 1966, is not applicable here since it acquired its rights in the property when the certificate of sale was issued on April 29, 1966.
In the opinion of this court, the significant date with respect to the applicability of the 1966 amendments to chapter 64 of *994 the Internal Revenue Code was the date when the deed to the real property was given, i.e., May 22, 1967 and not the date of the certificate of sale. A certificate of sale conveys title to personal property (U. S. Code, tit. 26, § 6339, subd. [a], par. [2]), but not to real property. The deed alone, given after the redemption period has expired, conveys title to real property (U. S. Code, tit. 26, § 6339, subd. [b], par. [1]). In the opinion of this court, until the deed is received, a purchaser at the tax sale has no cognizable interest in the real property, but possesses merely a chose in action. Under such circumstances, he takes the deed in accordance with the law as it is in effect at that time. Since the Federal Tax Lien Act of 1966 was in effect when the deed was given, the provisions thereof were applicable to plaintiff’s acquisition of this property. The deed discharged the property from all liens, encumbrances, and titles over which the lien of the United States with respect to which the levy was made had priority (U. S. Code, tit. 26, § 6339, subd. [c]). Since the junior lien for local real estate taxes has priority over the Federal lien (U. S. Code, tit. 26, § 6323, subd. [b], par. [6]), the liens for local taxes were not discharged.
Plaintiff urges that the amendment of the Federal Tax Lien Act of 1966 (U. S. Code, tit. 26, § 6339, subd. [c]) was a codification of the decisional law prior to the amendment by Congress in 1966; i.e., that by distraint and sale, all liens junior to that of the United States are cut off. It is the view of this court that such was not either the decisional or statutory law prior to 1966. There is a clear distinction between liens for unpaid real estate taxes which arise by operation of law and are not dependent upon the ownership of the property (see, e.g., Real Property Tax Law, § 902) and liens which arise by virtue of the ownership of the property such as mortgages and judgments. An examination of the cases cited by plaintiff reveals that the only instances where it has been held that liens for local real estate taxes have been cut off were where title to the property vested in the Government. Since the United States is exempt from taxes, no further local taxes can accrue when it has title (see Cobb v. United States, 172 F. 2d 277, 279). Therefore, were this court not to apply the provisions of the Federal Tax Lien Act of 1966 to this case, it would nevertheless arrive at the same conclusion.
Accordingly, summary judgment is granted in favor of defendants dismissing the complaint. The cross motion is granted to the extent of dismissing the cross claim of defendant DCR Holding Corp.