## DAVIDOVITZ v. UNITED STATES.
### No. L–293.

Court of Claims.
May 31, 1932.

A. H. Frisch of New York City (George W. Newgass and Myron A. Finke, both of New York City, on the brief), for plaintiff.

Lisle A. Smith, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (H. C. Clark, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

Plaintiff contends that for the purpose of the statute of limitation the assessment of the tax in question, being a portion of the total tax shown by him to be due upon the return filed, was made on March 15, 1920, when he filed his return, without further action by the Commissioner of Internal Revenue, and that, therefore, the period within which collection by distraint or otherwise could be made expired March 15, 1925. He insists that the signing by the commissioner of an assessment list and certificate does not constitute the assessment of tax within the meaning of the various revenue acts and that for the purpose of the operation of the statute of limitations, as provided in the various taxing statutes, particularly section 278 (d) of the Revenue Act of 1924 (26 USCA § 1061 note), the computation of tax upon the return filed by the taxpayer is the assessment thereof. It is contended, therefore, that the total amount collected constitutes an overpayment within the meaning of section 607 of the Revenue Act of 1928.

Section 250 (d) of the Revenue Act of 1918 (40 Stat. 1083), provides that "the amount of tax due under any return shall be determined and assessed by the commissioner within five years after the return was due or was made." Every revenue act, beginning with the act of 1916, to and including the Revenue Act of 1928, specifically requires the Commissioner of Internal Revenue "to determine and assess" the amount of the taxes due under any return and specifies the time within which the commissioner should make the assessment.[1]

The assessment of the tax involved in this suit was made when the commissioner, on January 20, 1925, signed the assessment certificate which accompanied the supplemental assessment list of that date. The collection by distraint having been made within six years thereafter, as provided in section 278 (d) of the Revenue Act of 1924 (26 USCA § 1061 note), was made within time, and plaintiff is therefore not entitled to recover. Until the commissioner acted no assessment was made. When he signed the assessment certificate on January 20, 1925, which was within five years from the date the return was filed, as provided in section 277 (a) (2) of the Revenue Act of 1924 (26 USCA § 1057 note), the defendant had, under section 278 (d) of the Revenue Act of 1924 (26 USCA § 1061 note), six years from that date within which to collect the tax. The tax was assessed after the enactment of the Revenue Act of 1924, and the case of Russell et al. v. United States, 278 U. S. 181, 49 S. Ct. 121, 73 L. Ed. 255, sustains the action of the defendant rather than the contention of the plaintiff. The cases cited by the plaintiff in support of its contention are not in point upon the question involved in this case.

The petition must be dismissed. It is so ordered.

---

[1] Section 9 (a) of the Act of 1916 (39 Stat. 763); section 250 (d) of the Act of 1921 (42 Stat. 265); sections 271 and 277 of the Acts of 1924 (26 USCA §§ 1045, 1057 note) and 1926 (26 USCA §§ 1045, 1057); and section 57 of the Act of 1928 (26 USCA § 2057).