**UNITED STATES of America, Plaintiff,**

v.

**The CITY OF NEW YORK, Defendant.**

**Civ. A. No. 10679.**

United States District Court
E. D. New York.

July 13, 1955.

Leonard P. Moore, U. S. Atty. for Eastern Dist. of New York, Brooklyn, N. Y., Arthur D. Hickerson, Asst. U. S. Atty., Sumner L. Lipsky, Sp. Atty., Internal Revenue Service, Brooklyn, N. Y., for United States of America.

Peter Campbell Brown, Corp. Counsel, New York City, Meyer Scheps, Asst. Corp. Counsel, New York City, for City of New York.

BYERS, District Judge.

Decision is required in this case brought under Tit. 28 U.S.C. § 1345, concerning the validity of the title acquired by the United States to certain real property formerly owned by a corporation to be called Ahles, pursuant to distraint and sale for non-payment of certain federal corporate income taxes.

The case was carefully pre-tried, and the order resulting therefrom should be consulted to reveal the extent to which technical matters were removed from the area of controversy. The attitude of counsel on both sides has been constructive and helpful, and the court is indebted to them for their conduct of the case, and for the concise and informing briefs they submitted after trial.

It is suggested that the pre-trial order be either annexed to the papers constituting the record, or presented as an appendix to either brief on appeal.

Since the matters in issue involve mainly arguments as to the legal consequences to be attributed to various procedural steps as established in the record, findings deemed to be appropriate will be made as part of this decision.

### The property involved.

The real estate consists of five parcels located in Queens County, and is adequately described in the complaint, and should be similarly delineated in the judgment or decree to be entered hereon. For present purposes the said description is hereby incorporated by reference.

### The taxes involved.

These were corporate income taxes for the fiscal years ended November 30, 1925 and November 30, 1926, in the respective amounts of $37,609.50 and $5,785.91. These sums were enhanced by interest charges as at April 22, 1933, when the assessment was made which formed the basis of the distraint and subsequent proceedings culminating in public sale, by $16,215.36 and $2,147.44 respectively.

The public sale at auction.

This took place on October 20, 1942, at the State Supreme Court building in Jamaica, on the court house steps.

The total price bid for the five lots here involved was $3,120 and the plaintiff became the purchaser. This is the showing of the certificate of sale.

Five deeds of conveyance were executed and delivered by the Collector, on June 18, 1946, after the expiration of the period for redemption specified in the Internal Revenue Code, 26 U.S.C. § 3702 (b) (1).

The foregoing recital is not in dispute in the factual sense, but the legal efficacy of certain steps incident to the transition of title is challenged by the city, also the legal effect to be ascribed to the deeds of conveyance.

It will be convenient to examine such contentions in order:

1. That the date of the assessment has not been shown to have been April 22, 1933.

The importance of this date lies in the necessity which rested upon the Government to distrain within six years after the assessment came into legal existence. If a greater time was permitted to elapse, the distraint was without statutory sanction, and all that was done in pursuance thereof must be regarded as a nullity.

The city argues that the deficiency notices of December 18, 1928 and March 21, 1929, must be deemed to have constituted the assessments, and therefore the distraint of September 15, 1942, was not timely and hence the subsequent sale and deeds were without legal effect.

The language of the deficiency notices cannot be construed to assert or declare an assessment. The contrary is the necessary purport of their content.

It is unnecessary to recite the steps that were taken by the taxpayer to secure a redetermination of the taxes described in the deficiency notices, or the negotiations looking to a settlement for a less amount than was stated in those notices, since all such matters appear in the record.

There was a proceeding in the nature of an appeal conducted before the then Board of Tax Appeals which finally decided the amount of deficiencies on January 9, 1933.

Until that time, no assessment was possible: Revenue Act of 1926, § 274 (a), Revenue Act of 1928 and Revenue Act of 1932, § 272(a), 26 U.S.C. § 272 (a).

The Commissioner signed the assessment list on April 22, 1933, as of which date the assessment came into legal existence. Davidovitz v. United States, Ct. Cl., 58 F.2d 1063. See also Welch Ins. Agency v. Brast, 4 Cir., 55 F.2d 60.

This contention is resolved against the defendant. Washington Farms v. United States, D.C., 122 F.Supp. 31, is not to the contrary, for here the Commissioner's power to make the assessment had not lapsed.

The finding is that the assessment was made on April 22, 1933.

2. It is next urged that there is a deficiency of proof that the requirements of Tit. 26 U.S.C. § 3700 and § 3701 touching the enforcement of the lien, have been met, in that:

(a) The warrants have not been produced in their entirety. The criticism is not without basis, for the two exhibits (3 and 4) were mutilated as the record shows; even so, the parts that were offered are deemed to establish as a matter of prima facie proof, that the documents were duly issued and levied and were legally efficacious to enforce the lien.

Such is the finding on that subject.

(b) The records of the seizure and sale are inadequate. It is true that the official who is recited as having made service of the notice of distraint was not produced to testify as to a service he is stated to have made in 1942; or to the posting of the notice in two public places in the County of Queens. If this be a deficiency in any practical or tangible

sense, the testimony of the witness Mulqueen is deemed to remedy it.

The records are sufficient to convince this court that the facts which they purport to recite have been legally established, in the absence of any testimony whatever to the contrary.

■ The presumption of regularity that attaches to the administration of governmental affairs, Hull v. Continental, etc., 7 Cir., 177 F.2d 217, is helpful in this instance, but is not solely the basis of decision.

The finding is that the records are sufficient to establish that the cited requirements of the statute were complied with as to the issue of the warrant of distraint; and as to the giving of notice by service thereof; and as to the due publication of notice, and the posting of such notice.

The latter is the subject of the next contention of the city which is that Exhibit 5 recites that the notice of sale was posted on September 15, 1942, "at P. O. Flushing, N. Y."

The argument is that the affected premises are nearer to the Bayside Post Office and to Station A Post Office, than to the Flushing Post Office, whereby Tit. 26 U.S.C. § 3701(b) is not shown to have been complied with. The relevant requirement is:

"(b) Public Notice. The said officer * * * shall also cause a like notice to be posted at the post office nearest to the estate seized, and in two other public places within the county."

■ The court can take judicial notice of the geography involved. The Town of Flushing is a political unit within the Borough of Queens (also the county). Bayside as of September 1942, was a part of that town, and the question therefore is whether the law was complied with by posting in the General Post Office in Flushing, if that is what the record means, instead of in either of the two branch or sub-stations above mentioned.

I should suppose that if Congress had meant to specify sub-stations or branch stations, as the places of posting, it would have said so.

Since the expression is "Post Office," posting in the main or central office in the political subdivision in which the property lies, would be the natural and probable place to be selected. Any other construction would require the Commissioner to make a selection between branch or sub-stations, and in the event that given property should be found to be equidistant from two or more, he would have to post in all.

Perhaps it was for that reason that Congress chose the language which has been quoted. In the practical sense, the instant posting was the more expedient since a greater number of persons would be likely to read the notice posted in the Flushing Post Office than in either branch or sub-station; moreover, the difference in actual distance was about two miles measured from the Flushing Post Office, as against 3,900 feet and 4,650 feet respectively measured from the respective branch stations or substations.

■ The posting is found to have conformed to the statute and to have been legally sufficient, as to the Post Office.

It is further objected that the statutory requirement of posting in "two other places within the county" has not been proven.

The evidence which was not contradicted is that the posting of the notice was in the Register's Office of the County of Queens, and on the bulletin board in the Supreme Court building in Jamaica.

■ Such posting is found to have been legally sufficient, since there is no affirmative evidence to the contrary. Koch v. United States, 4 Cir., 150 F.2d 762.

3. The city claims priority for its own tax liens.

The question of the relative priority of the federal tax liens over those of the

municipality has been so completely expounded in United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520, as to settle the question here involved, in favor of the plaintiff.

The city contends that the foregoing decision is not conclusive because consideration was not therein given to the following argument:

Section 3672(a) of the Internal Revenue Code provides in substance that the federal tax lien is not valid against any mortgagee, pledgee, purchaser, or judgment creditor, until notice thereof has been filed by the Collector in designated places.

The language of the brief on this subject is:

"By the enactment of this law, we contend that Congress abridged the reserve powers of the states to create priorities for their own taxes over liens of private individuals and exercised a power which was not necessary to the due execution of its constitutional right to lay and collect income taxes.

"No one can quarrel with the right of the United States to grant priorities over its own tax liens to these private liens. But that is a far cry from allowing private liens thereby to gain ascendancy over state and municipal tax liens to which the former are, by state law, subordinate.

"While it is true that in the instant case we have no private liens involved, it is clear that Congress in enacting Sec. 3672, intended *pro tanto* to invalidate its own lien with regard to four certain classes of private citizens, and, as a consequence to invalidate its lien (in) regard to state or municipal tax liens."

If the argument is understood (which is not asserted), it means that since municipal taxes are always prior to the lien of a mortgage for instance, the lien of the federal government until it becomes public by filing, is invalid as to the mortgagee; therefore, when it acquires validity by filing, it takes its place in the order of priority under a municipal lien if the latter is then extant. Nothing is said about municipal tax liens later in time than the filing date of the notice of the federal tax lien, except as later discussed under the next point.

■ The plaintiff here asserts no priority as against the city for real estate tax liens that had accrued prior to April 25, 1933. As to all later liens of that character, it does assert priority, and it is clear that according to the New Britain case, supra, its position is correct, provided its muniments of title survive scrutiny.

### The plaintiff's deeds.

The final argument made by the city is addressed to the Deeds of Conveyance (Plaintiff's Ex. 8) which on their face purport to convey the estate which Ahles had in the property *on December 17, 1941*. The deeds bear date June 18, 1946, while the sale took place on October 20, 1942.

The owner had one year in which to redeem, Int.Rev.Code, § 3702(b) (1). Thus a conveyance would have been in order on October 20, 1943. The delay in the execution of the deeds has not been explained.

Recording took place on September 24, 1946, over three months after the deeds bear date. This further delay was not explained although it well might have been in view of Sec. 3704(a) (2) of the Code.

For some reason which has not been disclosed, the conveyance in each case was of "*all the estate, title, right and interest which the said Ahles * * * had on the 17th day[1] of December, 1941 or at any time afterwards, of, in, and to that parcel of real property located * * *.*" (Italics supplied.)

[1] This was the date when the notice of lien was filed as required by Section 3672(a), supra.

The city argues that since the deed recites the conveyance to have been that of the right, title and interest of Ahles on December 17, 1941, the filing date of the notice of lien, instead of April 22, 1933, the date of the assessment, it can be given effect only according to its terms; thus that city taxes which became liens during the intervening eight years and more, are to be awarded priority over the lien of the federal taxes which gave rise to the sale itself and the deed of conveyance.

The argument is not without plausibility for the deed is the basis of the plaintiff's claim of title, and certainly on its face purports to vest in the grantee that which the taxpayer owned on the date recited.

If the question were to arise in reference to a deed made to a private purchaser at such a public sale, it might be even more difficult of resolution. In this controversy the issue is presented only in connection with the respective priority of competing tax liens; the plain fact is that the challenged deed in terms could have conveyed all that pertained to the delinquent taxpayer on the day that the federal tax lien came into existence—April 22, 1933—and such was the intent of Section 3704(c) (2) of the Code supra:

> "(2) *As conveyance of title.* If the proceedings of the officer as set forth have been substantially in accordance with the provisions of law, such deed shall be considered and operate as a conveyance of all the right, title, and interest the party delinquent had in and to the real estate thus sold at the time the lien of the United States attached thereto."

It could be argued that the plaintiff's contention that these deeds must be construed inevitably to relate back to the assessment day, is to import into the statute the additional words: "even though the deed in terms purports to convey the estate of the taxpayer as at a later date."

The question for decision is not free from difficulty, because the suggestion which has been made for the city—that the deed must be strictly construed against the grantor since it is its own product—has a certain quality of logic to commend it.

There is also to be remembered however, that what would be appropriate to argue in the ordinary case of a grantor and grantee in a controversy over title, does not of necessity apply in these circumstances. Here the Government possessed a lien which it undertook to enforce according to the applicable statutes. That process it duly carried through to finality as this decision has sought to demonstrate.

The deed recites these various steps, and then for an undisclosed reason, departs from the statutory provision in respect of the date as of which the estate of the taxpayer was conveyed to the purchaser at the sale. As has been said, the city has lost nothing which would have pertained to it, had the date of the assessment been recited, instead of the date of the filing of the lien, and to permit it now to take advantage of an apparent lapse, would to that extent nullify the federal statutory pattern upon which the entire proceeding rests.

It seems therefore that the city's argument cannot be permitted to prevail.

The decision of Cobb v. United States, 84 U.S.App.D.C. 228, 172 F.2d 277, in the Court of Appeals for the District of Columbia, upon which the Government here relies, seems indistinguishable in principle, although a considerably less time was there involved for the accrual of liens for municipal taxes between the respective dates of assessment and filing of notices of lien, than is shown in this case.

For the foregoing reasons then, it is concluded that the plaintiff is entitled to a decree as sought, but without costs, which is to be settled on notice.