**UNITED STATES of America,
Plaintiff,**

v.

**Joseph AMORI, Angela Amori,
Defendants.**

**No. 33525.**

United States District Court
N. D. California, S. D.

Dec. 14, 1955.

———◆———

Lloyd H. Burke, U. S. Atty., William B. Spohn, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

George M. Naus, Harold B. Lerner, San Francisco, Cal., Nathan Kessler, Oakland, Cal., for defendants.

OLIVER J. CARTER, District Judge.

The United States moves for summary judgment in its suit against a husband and wife for unpaid income tax incurred in the year 1947. Defendants' main defense is that the statute of limitations has run. Both plaintiff and defendants agree that the applicable statute of limitations is Section 276(c) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 276(c), which provided in part:

"Collection after assessment. Where the assessment of any income tax imposed by this chapter has been made within the period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court, but only if begun (1) within six years after the assessment of the tax * * *."

The United States contends that the assessment mentioned in Section 276(c) refers to an assessment by the Commissioner, which took place in the instant case when the Commissioner signed the assessment list, on May 21, 1948. This suit was filed on April 27, 1954, which was within six years after the assessment by the Commissioner.

Defendants contend that the Federal tax system is basically one of self-assessment, and that the assessment mentioned in Section 276(c) refers to the self-assessment which takes place when a taxpayer files his return; in this case the defendants filed returns for the taxes in question on March 15, 1948. If the defendants' interpretation of Section 276(c) is correct, then the six-year period of limitations expired before the complaint was filed in the case at bar.

When Section 276(c) is read in connection with Section 275(a) of the same Code, it becomes apparent that defendants' contention is without merit; Section 275(a) provided:

"General rule. The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without as-

sessment for the collection of such taxes shall be begun after the expiration of such period."

When the two sections are read together, it is seen that the legislative scheme was to permit the Commissioner to make an assessment within three years after the filing of a return by the taxpayer, and if such assessment was in fact made by the Commissioner, then the six-year statute of limitations described in Section 276(c) began to run. In Section 275(a) the term "assessment" clearly refers to an assessment by the Commissioner, since the section describes it as a step to be taken after a return is filed. It would not be reasonable for this Court to assume that Congress meant the word "assessment" to refer to the filing of the return in Section 276, in view of the language used in Section 275. See also United States v. City of New York, D.C. E.D.N.Y., 132 F.Supp. 779, 781; Davidovitz v. United States, 58 F.2d 1063, 75 Ct.Cl. 211. In the Davidovitz case the Court of Claims rejected the identical contention made by the defendants here, but the statutes involved were the predecessors of the statutes which control here.

Defendants also contend that they are entitled to a deduction for a net operating loss carryback from the year 1949; but the Government points out that defendants do not allege that a claim for refund or credit was filed within the time prescribed by Sections 322(b) (1) and 322(b) (6) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 322(b) (1, 6), and in oral argument defendants did not press this point.

Accordingly, the motion of plaintiff, United States of America, for summary judgment is hereby granted, and judgment is awarded to plaintiff against defendant Joseph Amori in the sum of $31,687.50, plus interest and costs, and against defendant Angela Amori in the sum of $26,497.43, plus interest and costs. Counsel for plaintiff shall prepare an order and judgment in accordance herewith.