**UNITED STATES of America**

v.

**Ralph J. CAPONE.**

No. 52 C 2841.

United States District Court
N. D. Illinois, E. D.
Sept. 28, 1959.

R. Tieken, U. S. Atty. and Harvey M. Silets, Asst. U. S. Atty. for the Northern Dist. of Illinois, Chicago, Ill., for plaintiff.

Richard E. Gorman, Chicago, Ill., for defendant.

PERRY, District Judge.

The above case came on to be heard on motion of the plaintiff, United States of America, for an Order granting summary judgment in its favor.

Plaintiff was represented by R. Tieken, United States Attorney for the Northern District of Illinois, and Harvey M. Silets, Assistant United States Attorney for the Northern District of Illinois. The defendant, Ralph J. Capone, was represented by Richard E. Gorman.

The Court after carefully considering the pleadings, the brief of the plaintiff, and affidavits in support of motion for summary judgment, together with arguments of counsel, finds the following facts to be true and uncontroverted and based thereon reaches the following conclusions of law:

### Findings of Fact.

1. On April 17, 1931 the then authorized delegate of the Commissioner of Internal Revenue mailed to the defendant herein, Ralph J. Capone, an office letter relative to the proposed assessment of deficiencies for the years 1926, 1927 and 1928, setting forth the same.

2. A stipulation was entered into by and between the Commissioner of Internal Revenue through Robert H. Jackson, Assistant General Counsel for the Bureau of Internal Revenue, and Ralph J. Capone, defendant herein, wherein the deficiencies in Federal Income taxes and penalties due from the said Ralph J. Capone for the taxable years 1926, 1927 and 1928 were agreed upon. That stipulation stated as follows:

"It is hereby agreed that there are deficiencies in Federal income taxes and penalties due from this petitioner for the taxable years 1926, 1927 and 1928 in the amounts as follows:

| Year | Deficiency | Penalties |
|------|-----------|-----------|
| 1926 | $11,126.95 | $ 8,345.22 |
| 1927 | 17,301.05 | 12,975.79 |
| 1928 | 13,239.36 | 6,619.68 |

"The Board may enter an order accordingly.

"It is further agreed that effective upon the entry of the Board's order of redetermination, petitioner waives the restrictions, if any, contained in the applicable internal revenue act or acts, on the assessment and collection of said deficiencies and penalties plus interest as provided by law."

3. On March 28, 1935 the Board of Tax Appeals in the action entitled, Ralph J. Capone, Petitioner, v. Commissioner of Internal Revenue, Respondent, Docket No. 58892, ordered and decided that there were deficiencies in Federal Income tax and penalties for the taxable years 1926, 1927 and 1928. The decision of the Board of Tax Appeals was as follows:

"Under written stipulation signed by counsel for the parties in the above-entitled proceeding and filed with the Board on March 25, 1935, Chicago, Illinois, it is

Ordered and Decided: That there are deficiencies in Federal income tax and penalties for the taxable

years 1926, 1927 and 1928 as follows:

| Year | Deficiency | Penalty |
|------|-----------|---------|
| 1926 | $11,126.95 | $ 8,345.22 |
| 1927 | 17,301.05 | 12,975.79. |
| 1928 | 13,239.36 | 6,619.68" |

4. On April 13, 1935 the then Commissioner of Internal Revenue made an assessment of $24,876.06 for income taxes owed by the defendant for the taxable year ended December 31, 1926, said assessment being tax in the amount of $11,126.95, penalty in the amount of $8,345.22 and interest in the amount of $5,403.89. Said Commissioner certified a list of said assessment to the then Collector of Internal Revenue for the First District of Illinois, Chicago, Illinois, by whom notice was given to and demand for payment thereof was made upon the said taxpayer-defendant herein, Ralph J. Capone, on April 23, 1935; and that a second notice for payment was given to and demand for payment thereof was made upon the said Ralph J. Capone on May 6, 1935; and that on May 17, 1935 the then Collector of Internal Revenue for the First District of Illinois, Chicago, Illinois, issued a warrant for distraint against the said Ralph J. Capone for the tax, penalty and interest as aforesaid; and that on December 10, 1936 the then Collector of Internal Revenue for the First District of Illinois, Chicago, Illinois, filed a notice of Federal Tax Lien No. 2775 as Document No. 11921812 with the Recorder of Deeds, Cook County, Illinois, and with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division; and that interest accrued on the said assessment to and including July 17, 1957 in the amount of $33,183.30, leaving as an unpaid balance as of that date the sum of $58,059.36; and that upon July 17, 1957 the said Ralph J. Capone made a payment in the sum of $1,909.80 representing interest accrued upon the said assessment; and that from and after July 17, 1957 to and including September 25, 1959 interest upon the said assessment accrued in the sum of $3,020.59, leaving an unpaid balance due and owing from Ralph J. Capone to the United States of America upon the said assessment for the taxable year 1926 to and including September 25, 1959 in the sum of $59,170.15.

5. On April 13, 1935 the then Commissioner of Internal Revenue made an assessment of $37,641.16 for income taxes owed by the defendant for the taxable year ended December 31, 1927, said assessment being tax in the amount of $17,301.05, penalty in the amount of $12,975.79 and interest in the amount of $7,364.32. Said Commissioner certified a list of said assessment to the then Collector of Internal Revenue for the First District of Illinois, Chicago, Illinois, by whom notice was given to and demand for payment thereof was made upon the said taxpayer-defendant herein, Ralph J. Capone, on April 23, 1935; and that a second notice for payment was given to and demand for payment thereof was made upon the said Ralph J. Capone on May 6, 1935; and that on May 17, 1935 the then Collector of Internal Revenue for the First District of Illinois, Chicago, Illinois, issued a warrant for distraint against the said Ralph J. Capone for the tax, penalty and interest as aforesaid; and that on December 10, 1936 the then Collector of Internal Revenue for the First District of Illinois, Chicago, Illinois, filed a notice of Federal Tax Lien No. 2775 as Document No. 11921812 with the Recorder of Deeds, Cook County, Illinois, and with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division; and that interest accrued on the said assessment to and including July 17, 1957 in the amount of $50,211.24, leaving as an unpaid balance as of that date the sum of $87,852.40; and that upon July 17, 1957 the said Ralph J. Capone made a payment in the sum of $1,909.79 representing interest accrued upon the said assessment and that from and after July 17, 1957 to and including September 25, 1959 interest upon the said assessment accrued in the sum of $4,700.26, leaving an unpaid

balance due and owing from Ralph J. Capone to the United States of America upon the said assessment for the taxable year 1927 to and including September 25, 1959 in the sum of $90,642.87.

6. On April 13, 1935 the then Commissioner of Internal Revenue made an additional assessment of $24,700.11 for income taxes owed by the defendant for the taxable year ended December 31, 1928, said additional assessment being tax in the amount of $13,239.36, penalty in the amount of $6,619.68 and interest in the amount of $4,841.07. Said Commissioner certified a list of said assessment to the then Collector of Internal Revenue for the First District of Illinois, Chicago, Illinois, by whom notice was given to and demand for payment thereof was made upon the said taxpayer-defendant herein, Ralph J. Capone, on April 23, 1935; and that a second notice for payment was given to and demand for payment thereof was made upon the said Ralph J. Capone on May 6, 1935; and that on May 17, 1935 the then Collector of Internal Revenue for the First District of Illinois, Chicago, Illinois, issued a warrant for distraint against the said Ralph J. Capone for the tax, penalty and interest as aforesaid; and that on December 10, 1936 the then Collector of Internal Revenue for the First District of Illinois, Chicago, Illinois, filed a notice of Federal Tax Lien No. 2775 as Document No. 11921812 with the Recorder of Deeds, Cook County, Illinois, and with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division; and that interest accrued on the said assessment to and including September 25, 1959 in the amount of $36,199.62; and that no payments have been made on the aforesaid assessment and accrued interest to and including September 25, 1959, leaving an unpaid balance due and owing from Ralph J. Capone to the United States of America upon the said additional assessment for the taxable year 1928 to and including September 25, 1959 in the sum of $60,-899.73. A fee was paid to the County Recorder's Office, Cook County, Illinois, for the filing of the aforesaid notices of lien in the amount of $3.00 by the then Collector of Internal Revenue for the First Collection District of Illinois, Chicago, Illinois. No part of the said fee has been paid by the defendant herein.

7. That on March 19, 1941 it was agreed by and between Ralph J. Capone, defendant herein, and the Commissioner of Internal Revenue by and through his then duly authorized representatives that the institution of collection by distraint or by proceeding in Court by the Commissioner of Internal Revenue for the amount of $24,876.06, representing the unpaid balance of an assessment of income tax for the year 1926 made against the said Ralph J. Capone by the April 1935 Assessment List for the First District of Illinois, could be begun on or before December 31, 1943; that prior to the expiration of the date so agreed upon by the said Ralph J. Capone and the Commissioner of Internal Revenue, the said parties agreed by the execution of additional Tax Collection Waivers, dated October 7, 1943, October 5, 1945 and October 2, 1947, respectively, to extend the time within which such collection proceedings could be begun to and including December 31, 1952.

8. On March 19, 1941 it was agreed by and between Ralph J. Capone, defendant herein, and the Commissioner of Internal Revenue by and through his then duly authorized representatives that the institution of collection by distraint or by proceeding in Court by the said Commissioner of Internal Revenue for the amount of $37,641.16, representing the unpaid balance of an assessment of income tax for the year 1927 made against the said Ralph J. Capone by the April 1935 Assessment List for the First District of Illinois, could be begun on or before December 31, 1943; that prior to the expiration of the date so agreed upon by the said Ralph J. Capone and the Commissioner of Internal Revenue, the said parties agreed by the execution of additional Tax Collection Waivers, dated October 7, 1943, October 5, 1945 and October 2, 1947, respectively, to extend the

time within which such collection proceedings could be begun to and including December 31, 1952.

9. That on March 19, 1941 it was agreed by and between Ralph J. Capone, defendant herein, and the Commissioner of Internal Revenue by and through his then duly authorized representatives that the institution of collection by distraint or by proceeding in Court by the said Commissioner of Internal Revenue for the amount of $24,700.11, representing the unpaid balance of an assessment of income tax for the year 1928 made against the said Ralph J. Capone by the April 1935 Assessment List for the First District of Illinois, could be begun on or before December 31, 1943; that prior to the expiration of the date so agreed upon by the said Ralph J. Capone and the Commissioner of Internal Revenue, the said parties agreed by the execution of additional Tax Collection Waivers, dated October 7, 1943, October 5, 1945 and October 2, 1947, respectively, to extend the time within which such collection proceedings could be begun to and including December 31, 1952.

10. The instant action was commenced for the collection of assessed deficiencies in Federal Income taxes, penalties and interest, plus statutory interest pursuant to authority granted by the Attorney General of the United States.

11. This is a civil action arising under the Internal Revenue Laws of the United States for the collection of income taxes, penalty and interest for the taxable years 1926, 1927 and 1928.

12. The defendant, Ralph J. Capone, is a resident of this judicial district where he incurred the tax liability here involved.

### Conclusions of Law.

Any finding of fact which may be considered a conclusion of law is hereby concluded as a matter of law.

1. The Court has jurisdiction of the subject matter of this action and the parties hereto.

■ 2. The assessment made by the Commissioner of Internal Revenue on April 13, 1935 in the amounts of $24,-876.06; $37,641.16; and $24,700.11, respectively, is prima facie evidence of the amount due the plaintiff from the defendant, Ralph J. Capone. United States v. Rindskopf, 105 U.S. 418, 26 L.Ed. 1131.

■ 3. The assessment which came into legal existence on April 19, 1935, the date that the Commissioner of Internal Revenue signed the assessment list (Davidovitz v. United States, 58 F.2d 1063, 75 Ct.Cl. 211; United States v. City of New York, D.C., 132 F.Supp. 779) was based upon the decision rendered by the Board of Tax Appeals on March 28, 1935. This decision constituted a final judgment on the merits as to the years herein involved and is binding upon the defendant, Ralph J. Capone. As such, that decision is res judicata in this action and the defendant is here precluded from presenting evidence to negative the validity of the assessment. Southern Pacific Railroad Co. v. United States, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355.

4. The issue presented to the Board of Tax Appeals in the action entitled, Ralph J. Capone, Petitioner v. Commissioner of Internal Revenue, Respondent, Docket No. 58892, concerned the taxable years 1926, 1927 and 1928 of the defendant herein Ralph J. Capone. The issues in that action and the issues in this suit are the same since this action is based upon the assessment of tax arising from the decision rendered in that prior cause.

■ 5. Petitioner in the Board of Tax Appeals action is the same individual named as defendant in this proceeding, Ralph J. Capone. Respondent in the action before the Board of Tax Appeals was the Commissioner of Internal Revenue. The plaintiff here in the suit at bar is the United States of America. For purposes of applying the doctrine of res judicata, an action wherein the Collector or Director is a party may be treated as though the United States had been a party. There is, therefore, an identity of parties between the two ac-

tions. Hilton Lumber Co. v. Grissom, 4 Cir., 70 F.2d 892, certiorari denied 293 U.S. 613, 55 S.Ct. 143, 79 L.Ed. 702; Second National Bank of Saginaw v. Woodworth, 6 Cir., 66 F.2d 170.

6. Subsequent to the Revenue Act of 1926, decisions of the Board of Tax Appeals and its successor, Tax Court, have been final, subject to review only by the United States Court of Appeals and the Supreme Court of the United States. Hence the doctrine of *res judicata* applies to the decision of those courts. The fact that the decision of the Board of Tax Appeals in the action entitled, Ralph J. Capone, Petitioner, v. Commissioner of Internal Revenue, Respondent, was based upon a stipulation entered into between the parties does not affect the application of the principle of *res judicata*. Lenny v. Williams, D.C., 143 F.Supp. 29; American Woolen Co. v. United States, 18 F.Supp. 783, 85 Ct. Cl. 101, Supplementary Opinion, Ct.Cl., 21 F.Supp. 125, affirmed on rehearing 21 F.Supp. 1021, certiorari denied 304 U.S. 581, 58 S.Ct. 1055, 82 L.Ed. 1544. The Court finds that, therefore, there is a final decision upon which *res judicata* may be predicated.

7. The defendant is precluded by the doctrine of *res judicata* from contesting the assessment and said assessment stands as correct. Since the taxpayer has the burden of coming forward with the evidence to negative every portion of the assessment and to the extent the taxpayer cannot produce such evidence and has not produced such evidence, due to the doctrine of *res judicata*, the assessment remains as a valid basis for the entry of a judgment for and on behalf of the Government. United States v. Rindskopf, 105 U.S. 418, 26 L. Ed. 1131; Crook v. United States, 5 Cir., 30 F.2d 917; Carmack v. Commissioner of Internal Revenue, 5 Cir., 183 F.2d 1, certiorari denied 340 U.S. 875, 71 S.Ct. 121, 95 L.Ed. 636.

8. There is due and owing from the defendant, Ralph J. Capone, to the United States of America up to and including September 25, 1959 the sum of $210,715.-75.

9. The plaintiff is entitled to judgment with interest against the defendant in the aforesaid indebtedness in a total sum of $210,715.75, plus costs of this action together with statutory interest from September 25, 1959 until the judgment is satisfied.