**UNITED STATES of America**

**v.**

**Joseph BROWN, Individually and as Administrator of the Estate of Tillie Brown, Deceased.**

**Civ. A. No. 30665.**

United States District Court
E. D. Pennsylvania.

Jan. 20, 1964.

Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., by Raymond L. McGuire, Asst. U. S. Atty., for plaintiff.

Robert M. Taylor, Philadelphia, Pa., for defendant.

WOOD, District Judge.

This is a non-jury action by the United States to reduce to personal judgment certain income taxes, penalties and interest assessed by the United States in 1955 against the defendants for the year 1948 in the total amount of $156,590.59, plus accrued interest thereon as provided by law.

There is no dispute regarding the relevant facts. We adopt them as the Court's findings of fact agreed upon between the parties.

The assessment in 1955 was based upon a judgment rendered by the Tax Court [1] in 1954 which decided that deficiencies existed in the defendants' 1948 taxes in the amount of $82,247.66, plus penalties of $41,123.83 and $4,930.84. (Exs. P–1 and P–2.) Notice of the assessment and demand for payment were mailed to the defendants on February 14, 1956. Thereafter, the defendants submitted three offers in compromise to the United States. The first offer was submitted on February 12, 1959, in the amount of $500 and was rejected by the Internal Revenue Service on July 27, 1959. Two additional offers of $1,200 and $2,500 were *received* by the Internal Revenue Service on May 4, 1960 and August 18, 1960. These two subsequent offers were characterized as "supplemental" and "amended" by the defendant, Joseph Brown.

Attached to the "amended" offer of August 18, 1960 was a collateral agreement wherein the defendants agreed to pay additional percentages of future income for the years 1961 through 1967 to satisfy the assessment and penalties. All of these offers were on forms supplied by the Internal Revenue Service which contained a waiver of the statute of limitations for a period when the offers were pending and for one year thereafter. The last amended offer was rejected by the Government on May 10, 1961 and this action was commenced on December 20, 1961.

Under the Internal Revenue Code of 1939, 26 U.S.C.A. § 276(c), an action for collection of the tax must be filed within six years after the assessment unless the period is extended by subsequent written agreements made before the expiration of the six-year period. Since the assessment in this case was made on January 31, 1955, the six-year period ordinarily would have expired on January 31, 1961. However, the defendants by their offer in compromise of August 18, 1960, suspended the running of the statute of limitations for the period during which this offer was pending plus one year later.

The defendants contend that the statute of limitations is an absolute bar to this action because when the United States rejected the offers in compromise, which the defendants assert were but a *single* offer, such rejection nullified any waiver of the statute of limitations contained in the offers. Also, the defendants further maintain that they may attack the assessment even though it is based upon a judgment of the Tax Court which determined the defendants to be deficient in their income tax and penalties for the year 1948.

■ We find both of these contentions to be without merit. The waiver of the statute of limitations by the defendants was accepted by the United States and was unaffected by the rejection of the offers in compromise. Myrick v. United States, 296 F.2d 312 (5 Cir. 1961). Such an offer in compromise constitutes a voluntary, unilateral waiver of the statute of limitations. Shambaugh v. Scofield, 132 F.2d 345 (5 Cir. 1942).

■ The prior judgment rendered by the Tax Court is conclusive of the tax claim for the year 1948, even though it is based upon a stipulation signed by the parties. United States v. International Building Co., 345 U.S. 502, 73 S.Ct. 807, 97 L.Ed. 1182 (1953); Commissioner v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948); United States v. Ralph J. Capone, 178 F.Supp. 320 (N.D. Ill.1959).

### ORDER

And now, this 20th day of January, 1964, judgment is entered for the United States against the defendants. An appropriate Order may be presented.

1. Joseph Brown and Estate of Tillie Brown, Deceased, Joseph Brown, Administrator v. Commissioner of Internal Revenue, Docket No. 48639 (T.C. 1954).