UNITED STATES of America, Plaintiff,

v.

Alvin C. MOYER and Jacob E. Moyer, d/b/a Moyer Brothers, Defendants.

Civ. No. 67–406.

United States District Court, W. D. Pennsylvania.

June 6, 1968.

Gustave Diamond, U. S. Atty., Pittsburgh, Pa., for the Government.

R. J. Cleary, Pittsburgh, Pa., for Alvin C. Moyer.

Hubert I. Teitelbaum, Pittsburgh, Pa., for Jacob E. Moyer.

MEMORANDUM

SORG, District Judge.

The plaintiff, United States of America, has filed a Motion for Summary Judgment in this civil action to reduce to personal judgment certain taxes, penalties and interest assessed by the United States for the years 1957, 1958, 1959 and 1960.

There is no dispute, and counsel have stipulated, that the taxes involved, consisting of withholding, social security

and federal unemployment taxes, were timely assessed in the correct amounts. It is also stipulated that the sole issue for determination here is whether this suit is barred by the Tax Statute of Limitations for Collection [1] vel non as of July 16, 1966. On that date, Alvin C. Moyer, one of the above named defendants, executed the first of two tax collection waivers, the apparent effects of which were to extend the time for payment of the taxes in issue to March 31, 1967, one day after this action was commenced. It is agreed that these apparent extensions would not be effective if the statutory time for collection had already expired at the time the first of the aforesaid waivers was executed, i. e., July 16, 1966.

On November 22, 1957, the District Director of Internal Revenue made the first of twelve assessments for the years in question.[2] The last assessment was made on June 3, 1960. On June 21, 1960, Moyer Brothers, over the signature of A. C. Moyer, partner, submitted an offer in compromise to the Internal Revenue Service, which contained the following language:

6. The undersigned proponent waives the benefit of any statute of limitations applicable to the assessment and/or collection of the liability sought to be compromised, and agrees to the suspension of the running of the statutory period of limitations on assessment and/or collection for the period during which this offer is pending, or the period during which any installment remains unpaid, and for one year thereafter.

By letter dated March 20, 1962, one year, eight months and twenty-nine days later this offer in compromise was rejected.

It is contended by the United States that these arrangements effected an extension of the statutory period for collection to August 21, 1966, computed as follows:

Date of assessment ....................... November 22, 1957

Expiration of normal 6-year statute of limitations .............................. November 22, 1963

Length of time during which offer in compromise was pending (1 year, 8 months, 29 days) and one year thereafter to be added to above expiration of statute of limitations .. August 21, 1966

---

The defendants contend, however, that paragraph No. 6 of the offer in compromise above quoted should not be interpreted in such a manner as to extend the statutory period of limitations beyond six years, unless the normal 6-year period from date of assessment expires during the pendency of the offer in compromise, and that the waiver, therefore, could under no circumstances be effective in this case beyond March 20, 1963, the date of rejection of the offer, and a date well within the normal 6-year statutory period, which expired November 22, 1963. By the same reasoning, the time for collection of each of the subsequent assessments would expire prior to July 16, 1966, thus rendering the "Tax Collec-

1. 26 U.S.C.A., § 6502(a) (1) and (2):
(a) Length of period.—Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—(1) within 6 years after the assessment of the tax, or

(2) prior to the expiration of any period for collection agreed upon in writing by the Secretary or his delegate and the taxpayer before the expiration of such 6-year period * * *.

2. The type of tax, taxable period, amounts assessed, assessment dates and unpaid assessed balances appear, as stipulated to, at paragraph V of the amended complaint.

tion Waiver" executed on that date ineffective, because, by the terms of this waiver, it was to take effect "only provided the Statute of Limitations on such rights of collection has not expired prior to the date hereof." Defendants also contend that even if the computations of the United States are correct, the rejection of the offer in compromise nullified any waiver of the statute of limitations contained in the offers.

■ The latter contention is wholly without merit, for the waiver of the statute of limitations by the defendants was accepted by the United States and was unaffected by the rejection of the offer in compromise. United States v. Brown, D. C., 225 F.Supp. 414 (1964), affd. 337 F.2d 858 (3 Cir. 1964).

■ As to the taxpayer's contention that a waiver does not extend the statutory period of limitations beyond six years unless the expiration date of the 6-year period occurs during the pendency of the offer in compromise, the court in United States v. Havner, 101 F.2d 161 (8 Cir. 1939), interpreting the same language of a waiver included in an offer of compromise, held that the effect of such waiver is to suspend the *running* of the statutory period in the sense that the statute of limitations was to be tolled according to a formula established by the terms of the waiver. This court agrees with such an interpretation, for, indeed, it is the only one which could give effect to the express terms of the accepted waiver, including, as they do, a suspension for a determinable period. The defendants' interpretation requires rejection of the express language of the waiver—namely, that there should be a "suspension" of the *running*, not the *expiration*, of the statutory period for collection for the time during which the offer in compromise was being considered, plus one year. The term "running" is not synonymous with "expiration," and will be ascribed a meaning that connotes the passing of time during which a defense to collection procedures matures. It seems reasonable that the period of a

statute of limitations should begin to "run" some time before it becomes a defense, and that the time which can be counted in determining whether or not such a defense has accrued, should be regarded as the time during which the period of limitation was running. This interpretation is implied in the treatment of statute of limitations suspensions involving a defendant's absence from a state. "It has also been decided that in order that, after a debtor has moved from the state, the statute of limitations *may run* in his behalf *during a temporary* return * * * he is entitled to credit for all the time spent in the state." Am.Jur. 34 § 227, p. 184. [Emphasis added].

The terms of the waiver are clearly susceptible to only one interpretation, giving validity to the plaintiff's method of computing the period for collection, and this action is timely brought under the provisions of 26 U.S.C.A. § 6502(a) (2), supra.

Plaintiff's Motion for Summary Judgment will be granted.