**UNITED STATES of America,**
**Plaintiff,**

v.

**Glen E. TRAGER, Defendant.**

**No. 71 C 299(4).**

United States District Court,
E. D. Missouri, E. D.

Nov. 30, 1971.

---

Daniel Bartlett, Jr., U. S. Atty., David W. Harlan, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.

Lashly, Caruthers, Rava, Hyndman & Rutherford, St. Louis, Mo., for defendant.

## MEMORANDUM

WANGELIN, District Judge.

This matter is before the Court on plaintiff's motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure. Plaintiff seeks to foreclose its lien on certain designated securities owned by and in the possession of the defendant, and also seeks a judgment for taxes due.

The defendant opposes the motion for summary judgment, asserting that certain facts are in dispute, or that certain of the affidavits and exhibits attached to the plaintiff's motion are improper.

Without considering the exhibits and affidavits of plaintiff's motion, the pleadings and record in this case reveal that on August 27, 1965, based upon a decision of the Tax Court, an assessment for unpaid federal taxes, penalties and interest was made against the defendant in the amount of $150,551.80 plus interest as provided by law. Notice and demand for payment was sent to defendant on August 27, 1965.

Thereafter, defendant made an offer in compromise of $50,000.00, and re-vealed to the government, among other things, the identity and serial numbers of certain securities held by him.

On May 11, 1971, plaintiff rejected defendant's offer in compromise. This action was commenced on May 12, 1971. On that day, this Court issued a temporary restraining order to restrain defendant from, in any way, selling, encumbering or disposing of certain securities. A preliminary injunction issued on May 24, 1971. By admission the government concedes that the securities covered by the preliminary injunction are the same securities identified by defendant in 1965 in his offer in compromise to plaintiff.

The Tax Court's decision on the defendant's liability is res judicata and is not open to question. United States v. International Bldg. Co., 345 U.S. 502, 73 S.Ct. 807, 97 L.Ed. 1182 (1953); United States v. Brown, 225 F.Supp. 414 (E.D.Pa.1964); United States v. Capone, 178 F.Supp. 320 (N.D.Ill.1959).

There is no dispute that the securities involved are the property of the defendant, and there is no dispute that the United States has tax liens on those securities. 26 U.S.C. §§ 6321 and 6322. There is no dispute that Section 7403 of the Internal Revenue Code of 1954 authorizes the plaintiff to seek judicial foreclosure of its tax liens and that this court has jurisdiction. See also, 28 U.S.C. §§ 1340 and 1345.

Defendant's allegation that the required authorization was not given for the United States Attorney to bring this action, based upon certain claimed deficiencies in exhibits attached to plaintiff's motion for summary judgment, is insufficient to overcome the presumption of official regularity which attaches to this action when it is commenced. "Acts done by a public officer 'which presuppose the existence of other acts to make them legally operative, are presumptive proofs of the latter'". Stearns Co. of Boston, Mass. v. United

States, 291 U.S. 54, 63. 54 S.Ct. 325, 328, 78 L.Ed. 647 (1933). While the presumption of regularity can be rebutted, defendant's denial of regularity, in the face of the government's certificate of records, does not create a genuine issue as to that fact.

Although the defendant has admitted the liability and assessment as determined by the Tax Court, defendant disputes the amount of the current balance owing and seeks to hold the plaintiff to strict proof with respect to payments and collections made since August 27, 1965, and interest computed on the balance owing.

■ In its present posture, this action is appropriate for summary judgment on the question of foreclosure of the tax liens, but is inappropriate for summary judgment on the question of the amount of the current outstanding balance on the federal tax liability.

Plaintiff's motion for summary judgment against the defendant in the amount of the current outstanding balance on the federal tax liability assessed against the defendant will be denied.

Pursuant to Rule 56(d), plaintiff's motion for summary judgment to foreclose federal tax liens against the United States Savings Bond and securities which are the subject matter of this action will be granted. However, judgment will not be entered at this time, but will be deferred until a determination of the amount of the current outstanding balance for the sole purpose of assuring that the outstanding balance is equal to or greater than the value of the securities.

Having determined that the plaintiff, as a matter of law, is entitled to judgment as to both the foreclosure of the tax liens and the amount of the outstanding balance of the tax liability, and having determined that no genuine issue exists as to any material fact with respect to the foreclosure of the liens, and that the only material fact in issue as to the outstanding balance owed by defendant is the exact amount of such balance, the Court concludes that the only evidence which will be received at the trial of this action will be evidence relating to the amount of credits, if any, to the defendant's tax liability as determined by the Tax Court, and the computation of interest accruing upon that balance to date.

This Court has determined that plaintiff is entitled to judgment on the foreclosure of its tax liens as a matter of law, but has deferred entry of that judgment solely as a precaution against totally unanticipated evidence that the outstanding liability is less than the value of the securities. The Court will, therefore, amend the preliminary injunction issued on May 24, 1971, to permit the defendant to sell said securities for the limited purpose of paying over the proceeds directly to the Internal Revenue Service; and to order and direct that the proceeds of such sale be paid over directly to the Internal Revenue Service before December 20, 1971, to be credited to the defendant's account.