49 So.2d 280

**BONDS et al. v. STATE DEPARTMENT OF REVENUE et al.**

6 Div. 174.

Supreme Court of Alabama.

Dec. 7, 1950.

Moore & Alford, of Winfield, for appellants.

554

Fite & Fite, of Jasper and Fite and Fite, of Hamilton, for appellees.

FOSTER, Justice.

This is a proceeding for a declaratory judgment to test the effect of an amendment to the Constitution applicable to Marion County.

The Legislature of 1949 by Local Act No. 115, Acts 1949, page 139, had levied a local privilege tax for that county on retail sales and uses of personal property. It is broadly equal to one-half of the State sales and use taxes. The proceeds are to be used in the construction and maintenance of specified health units and other purposes in the county.

The bill of complaint alleges the Act as passed was void for a failure to comply with sections 45 and 62 of the Constitution and because the legislature had not reapportioned the membership of it as required by section 199, Constitution. Both parties seem to assume the invalidity of the Act as passed. Appellants contend the amendment to the Constitution did not serve to validate and confirm it. The trial court declared it did have that effect.

The amendment as finally adopted had its origin in two enactments of the legislature passed after the adoption and approval of the Act No. 115, supra. The first such act proposed an amendment by which in substance authority was given the county to issue bonds or other evidences of debt and pledge such special taxes to be collected as are authorized by Act No. 115, and to use the proceeds for purposes such as are provided in said Act, and that the debt limitations of section 224, Constitution, should not apply to such indebtedness. This was Act No. 200, Acts 1949, page 236. The other act was No. 480, Acts 1949, page 698, and purported to amend the former act proposing the amendment by adding to the proposed amendment a clause validating and confirming the tax levied and the method of collecting it made by the Act No. 115, supra. The amendatory act did not set out the proposed amendment to the Constitution, including the amendment to be added, but offered to add to the amendment by adding the proposed clause of validation and confirmation. As an act of legislation that would violate section 45, Constitution. State ex rel. Brogg v. Rogers, 107 Ala. 444, 19 So. 909, 32 L.R.A. 520; Ex parte Pollard, 40 Ala. 77.

But a proposal to amend the Constitution is not an act of legislation. In re Opinion of the Justices, 227 Ala. 296, 149 So. 781; Storrs v. Heck, 238 Ala. 196, 190 So. 78; In re Opinion of the Justices, 252

Ala. 89, 39 So.2d 665. Therefore, section 45, supra, does not apply, nor any other constitutional requirement applicable to the passage and form of legislation, except such as are included in section 284, Constitution.

There is no contention that the requirements of section 284, supra, were not complied with. It is stipulated the amendment as proposed by the enactments, supra, was submitted to an election and a majority of the qualified electors of Alabama voted in favor of adopting it, although a majority of the voters of Marion County voted against its adoption. We assume the stipulation was intended to mean that all the requirements of section 284, supra, were complied with, and the amendment was duly adopted and properly so declared.

The matters argued on this appeal are that the amendment failed to validate and confirm the Act No. 115, supra, because a majority of the voters in Marion County, who voted, cast their vote against ratifying the amendment, and that the Act No. 115 and proceedings of the legislature with respect to the amendment are void because there has been no reapportionment of the legislature as required by section 199, supra.

The first contention stated above seems to be based on the argument that the civil liberties of the voters of Marion County (First Amendment to the United States Constitution) are thereby taken away without due process (in violation of the Fourteenth Amendment to the United States Constitution and section 6 of the Alabama Constitution), because they are taxed against the will of a majority of the voters expressed in the election.

■ There is no other constitutional limitation on the power of the legislature to levy county privilege or excise taxes than the requirements of the Fourteenth Amendment. Section 215, Constitution, does not apply. Capital City Water Co. v. Board of Revenue of Montgomery County, 117 Ala. 303, 23 So. 970; Standard Oil Co. v. Limestone County, 220 Ala. 231, 124 So. 523; Sisk v. Cargile, 138 Ala. 164, 35 So. 114; Newton v. City of Tuscaloosa, 251 Ala. 209, 36 So.2d 487.

■ So that the legislature was free to levy a sales tax for Marion County without submitting it for approval by the voters and even over their protest. State of Alabama v. United States, 282 U.S. 502, 51 S. Ct. 225, 75 L.Ed. 492. The levy of a tax is a sovereign prerogative power and does not take property without due process when it does not violate some constitutional restriction. Beeland Wholesale Co. v. Kaufman, 234 Ala. 249, 174 So. 516.

■ There is no serious ground for the argument that the tax in question otherwise violates due process or equal protection required by the Fourteenth Amendment, and we see no application of those restrictions to the instant situation.

■ The contention that the legislature could make no law nor do any act since it has not complied with section 199, Constitution, by reapportioning the membership of the legislature is submitted for our consideration. But we doubt if any plausible argument could be made to support such a contention, and none has been attempted here. The suggestion is without merit. See, State ex rel. Sullivan v. Schnitger, 16 Wyo. 479, 95 P. 698; In re Sherill, 188 N. Y. 185, 81 N.E. 124.

■ It remains now only to observe, as the trial judge did, that there is no reason why a constitutional amendment cannot by the use of express and clear terms validate and confirm an act of the legislature previously enacted but invalid on account of a failure to observe provisions of the State Constitution. 16 Corpus Juris Secundum, Constitutional Law, § 45, pages 96 and 97.

■ Of course this is not available if the invalidity is by reason of the Federal Constitution. We see no invalidity on that account so far as here contended, so that the effect of the amendment serves to validate and confirm the tax levied and the method of collection provided therefor by the Act No. 115, supra, in so far as the same is affected by the contention here made.

We see no reason to differ with the declaratory judgment of the trial court that

556

the Act No. 115, supra, is valid in so far as it is assailed in this proceeding.

Affirmed.

LIVINGSTON, LAWSON and STAKELY, JJ., concur.