51 So.2d 869

**WAID et al. v. POOL, Secretary of State.**
**3 Div. 588.**

Supreme Court of Alabama.

March 1, 1951.

Rehearing Denied April 19, 1951.

L. P. Waid, Jr., of Oneonta, and Claud D. Scruggs, of Guntersville, pro se, appellants.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws and Robt. Straub, Asst. Attys. Gen., for appellee.

442

BROWN, Justice.

The bill in this case filed by two resident taxpayers' and qualified electors of this state, one a resident of the County of Blount and the other a resident of the County of Marshall, seeks to enjoin the respondent as Secretary of State of Alabama and her successor in office from exercising the power and duties conferred on that officer by § 145, Title 17, Code of 1940, as therein prescribed, and to restrain and enjoin said respondent from issuing certificates of election as provided by § 205, Title 17, Code of 1940.

The bill prays "that on the final hearing of this cause the Court will make and enter an order directing, commanding and enjoining the said Sibyl Pool, as Secretary of State of the State of Alabama, and her successors in office, from issuing certificates of election to more than one candidate for the House of Representatives in any county of the State." The complainants further pray that on the hearing of this cause "the Court will make and enter an order directing, commanding and enjoining said Secretary of State of the State of Alabama, and her successors in office, from issuing certificates of nomination to the Judge of Probate of the counties named in paragraphs 12 and 13 of this bill of complaint to more than one person as a Member of the House of Representatives of Alabama in either of said eighteen counties named therein." The complainants pray in the alternative, "that the said Sibyl Pool, as said Secretary of State of the State of Alabama, and her successors in office, be directed, commanded and enjoined from issuing certificates of election to more than one candidate for Representative in each of the eighteen counties with less population than Marshall County, as set forth in paragraph 13. The complainants further pray, in the alternative, that the said Sibyl Pool, as Secretary of State of the State of Alabama, and her successors in office, be directed, commanded and enjoined from issuing certificates of election to more than one candidate for Representative in each of the eight counties with less population than Blount County, as set forth in paragraph 12, and to make final the temporary Writ of Injunction as prayed for above and the Complainants ask for such other, further and different relief as", etc.

The respondent demurred to the bill for want of equity and sundry other grounds and on submission on the demurrer the court sustained the demurrer and dismissed the bill for want of jurisdiction of the court to intervene. Hence this appeal.

The appellants base their right to invoke the interposition of the court's injunctive power on the allegations of the bill that the representatives of the people in the legislature have ignored the mandates embodied in §§ 198, 199, 201 and 202 of the Constitution of 1901 for the past forty years and have denied to the complainants and all other citizens and taxpayers their right to a stable democratic form of government.

The bill alleges, "Complainants, acting under the authority of Section 25 of the Constitution of the State of Alabama, present this bill of complaint as a petition, address or remonstrance for the redress of grievance."

We are at the conclusion that the decree of the court dismissing the bill was free from error and is due to be affirmed. We are satisfied that the appellants are earnest and serious in their contentions and desire for relief, but the difficulty we encounter here is that they are seeking interference by the judicial department of the state in respect to matters committed by the constitution to the legislative department.—Constitution of 1901, §§ 43, 44 and 199.

The grievance complained of and recourse therefor should be made to the

legislature and the people of the state, not to the court.—Wilkinson v. Henry, County Treasurer, 221 Ala. 254, 128 So. 362, 70 A.L.R. 712; Bonds v. State Department of Revenue, 254 Ala. 553, 49 So.2d 280.

Affirmed.

FOSTER, LAWSON and STAKELY, JJ., concur.