This is an employee termination case.
The employee, Fredrick H. Tyson, was terminated from his employment as a Cashier I by the Alabama Alcoholic Beverage Control Board (ABC Board) on August 30, 1985.
The reasons given by the ABC Board for the employee's dismissal were that he had delivered a certain quantity of whiskey to a customer without entering it as a sale on the cash register and he had allowed unauthorized personnel to be in the State store's warehouse area.
The termination was appealed by the employee to the State Personnel Board (Personnel). Personnel appointed a hearing officer to conduct a hearing on the appeal. Such a hearing was held, during which evidence was received from all parties concerned. Subsequently, the hearing officer made a written report to Personnel in which he recommended that the employee's termination be affirmed. *Page 1125 
After reviewing the evidence and hearing arguments of counsel, Personnel refused to accept the hearing officer's recommendation and ruled that the employee should be reinstated to his job within ten days with full pay. The ABC Board appealed to the Circuit Court of Montgomery County for a review of Personnel's decision pursuant to section 41-22-20, Code 1975. The circuit court affirmed Personnel's order on July 17, 1986. The ABC Board thereupon appealed to this court.
In brief filed with this court, the ABC Board contends that Personnel's order is unsupported by substantial evidence and is, therefore, due to be set aside.
Section 41-22-20, Code 1975, provides, in pertinent part, as follows:
 "(k) Except where judicial review is by trial de novo, the agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute. . . . The court may reverse or modify the decision or grant other appropriate relief from the agency action, equitable or legal, including declaratory relief, if the court finds that the agency action is due to be set aside or modified under standards set forth in appeal or review statutes applicable to that agency, or where no such statutory standards for judicial review are applicable to the agency, if substantial rights of the petitioner have been prejudiced because the agency action is:
". . . .
 "(6) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record."
In implementing the standard of review set out in the above cited Code section, the circuit court should uphold the findings and conclusions of Personnel if those findings and conclusions are supported by substantial evidence.
Substantial evidence has been defined as such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and it must be "more than a scintilla and must do more than create a suspicion of the existence of a fact to be established." See, Sexton v. Tuscaloosa County CivilService Board, 426 So.2d 432 (Ala.Civ.App. 1983). We now turn to the record to determine whether there is substantial evidence to support Personnel's order that the employee be reinstated to his job.
The employee was charged with delivering whiskey to a customer without ringing it up as a sale on the cash register and allowing unauthorized personnel to be in the store's warehouse area. An undercover agent who was working in the store as a porter testified that he was instructed by Tyson to bring a case of Evan Williams whiskey to the front counter. On instructions from Tyson, one-half of the bottles were removed from the case and placed on a shelf behind the counter. The half case of Evan Williams whiskey was taken to the customer's car. The agent did not see the employee ring up the sale on the register. A check of the records failed to show a sale of that quantity of Evan Williams whiskey on that day in that store.
The agent also testified that he saw the customer and the employee talking in the warehouse area of the store and saw the customer give the employee some money.
The employee denied selling any whiskey on the day in question or at any other time without ringing up the sale on the cash register and receiving the cash for the sale. The employee also stated that he did not meet with a customer in the back of the store and take money from him. The employee said that he had met with his fiancee and a cousin in the lunchroom area of the store. There was testimony that the lunchroom area was used not only by employees but also by family members and friends of employees.
There was also introduced evidence which was undisputed that an inventory of that store's merchandise failed to show a shortage or overage of Evan Williams whiskey. *Page 1126 
The supervisor of the store where employee worked testified that an inventory taken shortly after the alleged occurrence revealed that there was no shortage in the supply of Evan Williams whiskey. In other words, the sales plus the inventory of Evan Williams whiskey equaled the amount of whiskey this store had received from Montgomery.
The testimony is in sharp dispute as to whether the employee delivered one-half of a case of Evan Williams whiskey to a customer without ringing up the sale on the cash register. However, there is no dispute that there was no shortage of Evan Williams whiskey in the store in question shortly after the alleged occurrence.
Based on the above testimony and the other evidence before it, Personnel could have reasonably concluded that the employee was not guilty of the charges lodged against him by the ABC Board. Furthermore, the circuit court could have reasonably concluded that there was substantial evidence in the record to support Personnel's order reinstating the employee to his former job. We find that the evidence does support Personnel's order and its order is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.