This is a class action brought on behalf of all domestic corporations having issued capital stock of less than $5,000 and which paid franchise taxes to the Alabama Department of Revenue (department) for the tax years 1986, 1987, 1988, and 1989. The taxpayer requested refunds of taxes for the class members for the subject years. The department filed a motion for summary judgment, which was granted. The taxpayer now appeals.
The dispositive issue on appeal is whether that portion of Ala. Code 1975, § 40-14-40, which provides for the payment of a minimum franchise tax of $50, violates the mandate of § 229, Ala. Const. 1901.
Section 229, Ala. Const. 1901, as amended by Amendment No. 27, requires the legislature to provide for the payment of a franchise tax by domestic corporations. The constitution further requires that the tax shall be in proportion to the amount of capital stock. After the adoption of the constitution, the legislature enacted a franchise tax in the manner prescribed by the constitution that, as presently codified, imposes an annual franchise tax of $10 on each $1,000 of capital stock, but in no event less than $50. See In reWhite v. Reynolds Metals Co., 558 So.2d 373 (Ala. 1989).
The taxpayer argues that the provision of § 40-14-40
requiring a minimum tax of $50 violates the constitutional mandate of § 229. The department, however, contends that this provision is not in conflict with § 229, but rather carries out the constitutional mandate in a reasonable and valid manner. We agree.
It is well settled that, where possible, statutes should be construed to be constitutional. Anderson v. Edwards,505 F. Supp. 1043 (S.D.Ala. 1981). Further, in construing a statute or constitutional provision, the court seeks to accomplish the legislative intent. Advertiser Co. v. Hobbie, 474 So.2d 93
(Ala. 1985).
Here, from a reading of § 229, it is clear that the legislature is required to enact a franchise tax. Further it is clear *Page 978 
that such a tax is to be in proportion to the amount of capital stock. However, it appears to this court that the constitution merely sets out the measure or base of the franchise tax and not the "rate" which is to be applied. It appears that the "rate" to be applied is left to the discretion of the legislature. The constitution does not set out a precise statutory formula for the allocation of the franchise tax. It merely requires that the franchise tax be based on or measured by the capital stock of a corporation, with the precise rate of the tax to be determined by the legislature. We find nothing in the constitution which would prohibit the legislature from requiring corporations to pay a minimum tax.
We also point out that the legislature has the authority to levy taxes without a constitutional grant of such authority. Clearly, the legislature has the inherent power of taxation.State v. Weil, 232 Ala. 578, 168 So. 679 (1936); see also Bondsv. State Dept. of Revenue, 254 Ala. 553, 49 So.2d 280 (1950). In any event, we find that § 40-14-40 does not violate the Constitution of Alabama.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.