THIGPEN, Judge.
This case involves the suspension of a liquor license by the Alabama Alcoholic Beverage Control Board (Board).
The record reveals that Tom Swint d/b/a Club Capri was cited to appear before the Board to answer a charge of violating Ala. Code 1975, § 28-3A-11, more specifically, permitting minors to enter the premises of a lounge retail liquor licensed establishment. The record reveals that in August 1991, Swint requested that law enforcement assistance be dispatched to the Club Capri to quell a disturbance. The officer who initially responded to the call was not present at the hearing; however, an ABC agent read into evidence the incident and offense report of one of the responding officers, over the objection of Swint’s attorney, who repeatedly requested that the responding officer be summoned in order that he could be cross-examined.
Following the reading of the report, other officers who responded testified; however, fundamental to the issue of minors being inside the premises was the absent officer’s testimony. Following the disturbance, apparently Swint sought a warrant for the arrest of Carlos Glenn, age 19, and filed a petition in juvenile court against a juvenile for assault. There was no direct testimony that any juvenile was in the club on that occasion.
At the conclusion of the evidence, Swint’s attorney again requested that the officers *771 who were not present that prepared the reports read into evidence, be summoned so that he could examine them regarding their recollection and identification. This request was apparently denied. Thereafter, the Board found Swint guilty of violating Ala. Code 1975, § 28-3A-11, by allowing minors in a lounge retail liquor licensed establishment, and it suspended his license for a period of 180 days, beginning April 4, 1992.
In March 1992, Swint appealed the Board’s ruling to the Circuit Court of Montgomery County, alleging that none of the law enforcement officers who allegedly identified the minors as being on the premises or inside the club testified at the hearing, and that those officers who did testify possessed no independent ■ knowledge of minors being in the club on that occasion. Following a review of the administrative record and the filing of briefs by the parties, the trial court affirmed the decision of the Board; hence, this appeal.
On appeal, Swint raises two issues, namely, whether admitting incident/offense reports of officers who were unavailable to testify at the hearing constituted illegal hearsay to the extent that the Board committed reversible error, and whether there was sufficient evidence to support the Board’s decision that minors were inside the lounge on the night in question.
Judicial review of administrative acts and decisions is limited in scope. Ordinarily, the courts will only pass on the questions of whether the administrative agency has acted within its constitutional or statutory powers, whether its order or determination is supported by substantial evidence, and whether its action is reasonable and not arbitrary. Little Caesar’s, Inc. v. Alabama Alcoholic Beverage Control Board, 386 So.2d 224 (Ala.Civ.App.1979). “Substantial evidence has been defined as such ‘relevant evidence as a reasonable mind might accept as adequate to support a conclusion,’ and it must be ‘more than a scintilla and must do more than create a suspicion of the existence of a fact to be established.’ ” Alabama Alcoholic Beverage Control Board v. Tyson, 500 So.2d 1124, 1125 (Ala.Civ.App.1986). (Citation omitted.) Further, a court may not set aside an order of a fact-finding administrative body, acting within the field of its designated powers, unless such order is illegal, capricious, or unsupported by evidence. Little Caesar’s, supra. We review this case with these standards in mind, to determine if the decision of the Board is supported by the necessary evidence.
From the record, it appears that the Board is construing the language of Ala.Code 1975, § 28-3A-11, in pari materia with § 28-3-1(18), wherein, notwithstanding the use of the term “under 19 years of age,” a minor is defined as being a person under the age of 21 years, thus prohibiting such a person from entering the premises of the licensee as a patron or employee, or for the licensee to admit a person under the age of 21 years.
Ala.Code 1975, § 28-3-11, provides, in pertinent part, that “[n]o person under 19 years of age shall be admitted on the premises of any lounge liquor licensee as a patron or employee, and it shall be unlawful for any such licensee to admit any minor to the premises as a patron or employee.” This statute was enacted in 1980. In 1985, the legislature, in accordance with Public Law 98-363, 98th Congress, July 17,1984, enacted § 28-1-5, which made it unlawful for a person less than 21 years of age to purchase, consume, possess, or transport any alcohol, liquor or malt or brewed beverages within the State of Alabama. Ala.Code 1975, § 28-3-1(18), defines a minor as “[a]ny person under 21 years of age, except a person 19 years of age or older prior to October 1, 1985, is not a minor; provided, however, in the event section 28-1-5, shall be repealed or otherwise shall be no longer in effect, thereafter the provisions of section 26-1-1, shall govern.”
The age of majority in the State of Alabama is defined in Ala.Code 1975, § 26-1-1(a), which states, viz:
“Any person in this state, at the arrival at the age of 19 years, shall be relieved of his disabilities of minority and thereafter shall have the same legal rights and abilities as persons over 21 years of age. No law of this state shall discriminate for or against any person between and including the ages of 19 and 21 years solely on the basis of age.”
*772 None of the witnesses who testified identified anyone inside the premises under the age of 19; however, it is apparently the Board’s position that in view of the statute which prohibits anyone under the age of 21 from consuming, dispensing, possessing or transporting alcohol, and the definition of “minor” as being a person under the age of 21 years, such persons are also prohibited from going into or being admitted on the premises of a liquor retail licensee. To adopt this reasoning, however, would conflict with the interpretation of Ala.Code 1975, § 28-1-5, which, in part states,
“[i]t shall be permissible to employ persons in an on-premise licensed establishment under legal drinking age such as professional entertainers, show people, musicians, cashiers, hostesses, ushers, waiters and waitresses, busboys or girls, and the like, provided they do not serve, dispense or consume alcoholic beverages and there is an adult in attendance at all times.”
A basic rule of statutory construction is that “[w]here two sections or provisions of an act are conflicting, the last in order of arrangement controls.” Alabama State Board of Health ex rel. Baxley v. Chambers County, 335 So.2d 653, 655 (Ala.1976). Ala.Code 1975, § 28-1-5, being the last legislative expression, and not having been repealed, it must control. Moreover, in determining legislative intent, a statute must be interpreted as a whole, and, if possible, every section given effect. Sparks v. Calhoun County, 415 So.2d 1104 (Ala.Civ.App.1982). To adopt the Board’s interpretation would negate that provision of Ala.Code 1975, § 28-1-5, allowing persons under the age of 21 years to be employed on premises. Thus, we must conclude that it was not the intent of the legislature to bar persons between the ages of 19 and 21 years from entering or being admitted to such premises, either as a patron or an employee, so long as they do not consume, dispense, or transport alcoholic beverages.
Second, to adopt the Board’s interpretation may render § 28-3A-ll unconstitutional to the extent that it discriminates against those persons between the ages of 19 and 21 years. Ala.Code 1975, § 26-1-1, mandates that “[n]o law of this state shall discriminate for or against any person between and including the ages of 19 and 21 years solely on the basis of age.” To prohibit such a person from access to such places solely on the basis of age violates this statute. Statutes should be construed to be constitutional, where possible. Decatur Laboratory, Inc. v. Sizemore, 564 So.2d 976 (Ala.Civ.App.1990).
Inasmuch as the record fails to disclose substantial evidence that the licensee admitted persons under the age of 19 years, or that such persons were inside the premises, we must reverse and order the cause remanded for further proceedings consistent with this opinion. In accordance with Ala. Code 1975, § 41-22-20, the trial court may remand the case to the agency for the taking of additional testimony and evidence, or for further proceedings in accordance with the statute.
We next turn to Swint’s contention that the acceptance by the Board of hearsay evidence was reversible error. In view of our holding above, we would ordinarily pre-termit discussion of this issue; however, considering the fact that the trial court may remand the cause for further proceedings, we point out that while administrative boards are not restricted to a consideration of evidence which would be legal in a court of law and may consider evidence of probative force even though it may be hearsay, nonetheless, there must be sufficient legal evidence to support the order of the Board, and if founded only on hearsay or other improper evidence, the decision cannot be sustained. Estes v. Board of Funeral Service, 409 So.2d 803 (Ala.1982).
In view of the foregoing, the decision of the trial court is due to be, and it is hereby, reversed and the cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.