THIGPEN, Judge.
This case involves an appeal from the circuit court’s reversal of the State Personnel Board’s (Board) order reinstating Daniel Miller to his employment with the Alabama Department of Corrections (Department).
Miller was employed as a Correctional Officer I with the Department. A urine specimen he submitted during a random drug test in November 1990 tested positive for mari *978 juana, and, pursuant to Department regulations, his employment with the Department was terminated.
Miller appealed his dismissal to the Board. The Board appointed a hearing officer, who held a hearing and received evidence. Miller disputed the accuracy of the test results, in that he contended possible tampering with the urine specimen. He contended that it was not stored in a “secured refrigerator” in compliance with Department regulations. The hearing officer expressly found that “there was no creditable[sie] evidence that the urine sample was tampered with or altered in any manner.” The hearing officer recommended that the Board sustain the dismissal.
After reviewing the evidence and hearing arguments of counsel, the Board ordered that Miller be reinstated, with forfeiture of all back pay and benefits. Although the Board specifically found that “there was evidence to support the charge that [Miller] tested positive in the drug test,” it expressed concern that the Department had not complied with its own regulations and that there was a “possibility of the chain of custody being broken.” The Department appealed that decision to the circuit court, and ultimately, the circuit court reversed the Board’s order and ordered that the Board enter an order terminating Miller from his position.
Miller appeals pro se. The dispositive issue on appeal is whether the circuit court correctly determined that the Board’s decision to reinstate Miller was not supported by the evidence.
Ala.Code 1975, § 41-22-20(k), governs the standard of review in this case. That section provides in pertinent part that the Board’s order “shall be taken as prima facie just and reasonable and the court shall not substitute its judgment” for that of the Board. Ala.Code 1975, § 41 — 22—20(k). The circuit court must uphold the findings and conclusions of the Board if the findings and conclusions are supported by substantial evidence. Alabama Alcoholic Beverage Control Board v. Tyson, 500 So.2d 1124 (Ala.Civ.App. 1986). Substantial evidence must do more than create a suspicion. Tyson, supra.
Our review of the record in this case reveals that the order of the Board placed emphasis on what it considered to be a mitigating circumstance, i.e., that although there was absolutely no evidence presented that this specimen had been tampered with, there was a “possibility” of the chain of custody being broken. The Board did not find that this specimen had been compromised, nor would the evidence support such finding. There was simply no evidence to call into question the validity of this particular specimen, and, as the trial court aptly noted, “the Board ignored the established fact that the seal on the sample was unbroken at each critical point.”
Based upon our review of the record, it appears that the Board’s decision to reinstate Miller was not based upon any evidence. Furthermore, that decision is contradictory to the departmental regulation regarding employment termination upon testing positive for marijuana. Rather, it appears that the reinstatement was ordered in an effort by the Board to correct the Department’s behavior by insisting, as stated in its order, “that regulations governing the chain of custody be strictly observed.” While the Board correctly insisted that the Department comply with its own regulations governing drug testing procedures, it also specifically found evidence sufficient to support the charge and there is evidence within the record showing that this specimen was not compromised. It is noteworthy that after determining that “there was evidence to support the charge that this employee tested positive in the drug test,” the Board conditionally reinstated Miller with forfeiture of back pay and benefits. To order reinstatement in the face of such a finding is arbitrary and unsupported by the evidence. We agree with the trial court that if the Board had determined that the specimen had been compromised, it should have reinstated Miller without any punishment.
Because we find no evidence which supports the Board’s decision to reinstate Miller, the trial court’s judgment is due to be, and is hereby, affirmed.
AFFIRMED.
*979 ROBERTSON, P.J., concurs.
YATES, J., dissents.